## 18973

The STATE, Respondent, v. Dewitt HARVEY and William Duck, Appellants.

(170 S. E. (2d) 657)

330

*Messrs. David C. Bryan, Jr.,* and *Stanley B. Crosby, Jr.,* of *Bryan, Crosby & Bates,* and *William F. Able,* of Counsel, of Lexington, *for Appellants,*

*Phillip K. Wingard, Esq.,* Solicitor, of Lexington, *for Respondent,*

November 3, 1969.

Moss, Chief Justice.

The record shows that Dewitt Harvey and William Duck, the appellants herein, along with Jimmy Lee Leach and George Burbage, were indicted and charged with the crime of armed robbery. Sec. 16-333 of the Code. Upon arranign-

ment all four of the defendants entered a plea of "not guilty". When the case was called for trial Leach and Burbage entered a plea of "guilty" as charged. Harvey and Duck, represented by appointed counsel, were tried before The Honorable George Bell Timmermon, Jr., presiding judge, and a jury, on May 31, 1967. The jury returned a verdict of guilty and the appellants were sentenced to imprisonment for a term of fifteen years. From the rulings of the trial judge and the sentence imposed this appeal has been prosecuted.

The appellants assert that the trial judge committed error in refusing to grant their motions for a continuance. The basis of the appellants' motions for a continuance was upon the ground that the attorneys did not have sufficient time to investigate the case, search for witnesses, confer with the appellants, question co-defendants, study additional jurors that had been drawn, and research the statute and case law on armed robbery. The granting of a continuance is a matter entirely within the discretion of the trial judge and not reviewable unless there is a clear abuse of discretion. *State v. Young,* 243 S. C. 187, 133 S. E. (2d) 210. It appears from the record that the attorneys for the appellants were appointed four days prior to trial. In *State v. Livingston,* 223 S. C. 1, 73 S. E. (2d) 850, the denial of a like motion was upheld where counsel for the defendant had been appointed by the court three of four days prior to the trial. In *State v. Britt,* 237 S. C. 293, 117 S. E. (2d) 379, one of the grounds of the motion for continuance was that an additional venire of jurors had been drawn and the appellants had not adequate time to properly study the list of jurors. We affirmed the refusal of the trial judge to grant a continuance on the stated ground. We conclude that there was no error on the part of the trial judge in refusing the motions of the appellants for a continuance.

The appellants charged that the trial judge committed prejudicial error in refusing their motions for a separate

trial on the ground that the testimony to be offered by the prosecution would be admissible and relevant to one defendant and inadmissible and irrelevant as to the other. The motions were on the further ground that one of the appellants wished to testify and put his character at issue and the other felt that he should remain silent; the contention being that the one testifying would prejudice the jury as to the other if they were tried together.

This court has repeatedly held that a motion for a severance and separate trial on the part of one or more defendants in a case, where several persons are jointly charged with a criminal offense, is addressed to the discretion of the trial judge, and only an abuse of that discretion constitutes reversible error. *State v. Britt,* 235 S. C. 395, 111 S. E. (2d) 669. If the State offered testimony admissible and relevant as to one defendant but inadmissible and irrelevant as to the other, the trial judge upon proper objection should admit the testimony only against the defendant to whom it was applicable. We find no abuse of discretion on the part of the trial judge in refusing to grant the motion made for severance and a separate trial.

The appellant Harvey asserts error on the part of the trial judge in refusing to quash the indictment against him on the ground that he was illegally removed from Charleston County to another county without proper writ, in violation of Section 17-262 of the Code. This question was not raised in the court below and is not properly before us for decision. However, a motion upon the ground stated was made in behalf of the appellant Duck but there is no exception challenging the ruling of the trial judge in refusing such motion. The exception of the appellant Harvey posing this question is overruled.

After a jury had been impaneled, the solicitor published the indictment to the jury charging all four defendants with armed robbery. Following the publication of such indictment, the solicitor stated to the jury

that Burbage and Leach had plead guilty to such indictment. Thereupon, the appellants made a motion for a mistrial on the ground that the statement by the solicitor that Leach and Burbage had entered pleas of guilty to the charge contained in the indictment was prejudicial to the appellants. A motion for a mistrial was refused and error was assigned. A review of the record shows that Leach and Burbage testified in behalf of the State and during the course of their examination by the solicitor each testified, without objection, that he had entered a plea of guilty to the charge contained in the indictment. Since this testimony was admitted without objection by the appellants they are not in position to now assert error. After the motion for a mistrial was made and refused, counsel for the appellants cross examined Leach and Burbage with reference to their pleas of guilty without reserving the objection previously made. The objection was thereby lost and if any error had been committed in the refusal of a motion for a mistrial, it was cured. *State v. Motley,* 251 S. C. 568, 164 S. E. (2d) 569; *State v. Smith,* 245 S. C. 59, 138 S. E. (2d) 705.

The next question is whether the trial judge erred in failing to declare Walter Powell, an officer of the South Carolina Law Enforcement Division and the chief investigator in this case, a hostile witness and to allow the appellants to introduce evidence to impeach the testimony of such officer.

The record shows that the appellants called Walter Powell as a witness in their behalf and before he had been examined by counsel for the appellants, a request of the court was made that this witness be declared hostile. This, the court refused to do.

It appears that while the witness Powell was under direct examination by counsel for the appellant Harvey, he was asked about a conversation that he had with members of Harvey's family when they came to visit him at the Lexington County Jail. What took place is as follows:

"Q. And at that time did you make a statement in conversation to Dewitt Harvey's two brothers and his brother-in-law or one or two of them that unless they had a lot of money to throw away it was useless for them to get an attorney or something to that effect?

"A. No sir, I have never made a statement like that to anybody.

"Q. Mr. Powell, I guess I had better put you on notice that we intend to contradict that statement."

Thereafter, counsel for the appellant Harvey tendered three witnesses to contradict the answer given by the witness Powell. The trial judge refused to declare Powell a hostile witness and to permit the appellant Harvey to contradict him on a collateral matter.

Contradictory statements may not be used to impeach a party's own witness except upon a showing of surprise. In the motion made by the appellant to have the witness declared hostile, no claim of surprise was made as a ground of such motion. We have held that for a party to be able to impeach his own witness on the ground of surprise it is essential that it appear that the party has been actually surprised by the testimony of such witness, or that he has been deceived or entrapped into introducing the witness because of such contradictory statements. *State v. Nelson*, 192 S. C. 422, 7 S. E. (2d) 72. We think the trial judge was correct in refusing the motion of the appellant because there is no showing of surprise.

The appellants contend that the trial judge erred in admitting the testimony of Leach and Burbage, who were indicted along with the appellants, without requiring the State to show that such testimony had been induced and obtained by constitutional means and due process of law. The appellants argue that the State should have been required to show that the constitutional rights of Leach and Burbage had been properly explained to them and that they had made an affirmative waiver of such. The appellants cite no authority for this position. Our inde-

pendent research reveals none. The general rule is that a person who has been convicted under or has entered a plea of guilty to a joint indictment is a competent witness for the prosecution against his co-defendants. Where a joint defendant has pleaded guilty, it is not necessary, in order to render him competent as a witness against another defendant, that he shall have been sentenced. 23 C. J. S. Criminal Law § 804 (3), at page 67. We have held in a number of cases that the weight to be given the testimony of an accomplice is for the fact finding body and if the uncorroborated evidence satisfies the jury of the defendant's guilt beyond a reasonable doubt, a conviction is warranted. *State v. Rutledge,* 232 S. C. 223, 101 S. E. (2d) 289, 67 A. L. R. (2d) 747. The question here posed is answered adversely to the contention of the appellants.

The appellants charge the trial judge with error in refusing to quash the indictment because of the failure of the state to make a proper showing that the appellants had counsel during critical stages of the pretrial proceedings, including but not limited to custodial interrogation, picture viewing and lineup identification. A motion to quash the indictment on the ground that the appellants were without counsel during critical interrogation was premature because at the time of the making of the motion there was no evidence that the appellants had been subjected to any interrogation. We point out that at no time during the trial of this case did the State offer any evidence that the appellants had made any statement or confession.

The record shows that, during the investigation of the robbery by the officers, the prosecuting witness was shown several photographs of possible suspects, including one of the appellant Harvey. We know of no rule that required the appellants to have counsel during the viewing of the pictures by the prosecuting witness.

The appellant Harvey also contends that his pretrial lineup identification by the prosecuting witness, in the absence of counsel, deprived him of rights

guaranteed by the United States Constitution. The Supreme Court of the United States has held that an out of court identification of an accused at a police lineup is a critical stage at which the accused has a constitutional right to the assistance of counsel. *United States v. Wade,* 388 U. S. 218, 87 S Ct. 1926, 18 L. Ed. (2d) 1149, and *Gilbert v. California,* 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. (2d) 1178. However, in the case of *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. (2d) 1199, it was held that the rights accorded by the Wade and Gilbert cases would not be applied retroactively and would apply only to all future cases which involve confrontations for identification purposes conducted in the absence of counsel. It follows that since the lawyerless lineup in this case was conducted prior to June 12, 1967, the date of the Stovall decision, the rule in the Wade and Gilbert cases is inapplicable. It follows that the named appellant was not deprived of any constitutional right. *State v. Lyons,* 251 S. C. 541, 164 S. E. (2d) 445.

The appellant Harvey also contends that the evidence conclusively shows that after considering the totality of the circumstances, the pretrial viewing of pictures and the lineup were necessarily suggestive and conducive to irreparable mistaken identification, thereby denying him due process of law. The evidence shows Mrs. E. A. Poole operated a store located at the intersection of Highways 3 and 178 in Lexington County. The testimony is that on December 12, 1966, three men entered this store and with one of them pointing a gun at Mrs. Poole and her son, she was robbed of approximately $350.00. These men escaped in a car driven by a fourth man who was waiting in a car near the front of the store. As is heretofore stated, Mrs. Poole was shown several photographs of possible suspects, including one of the appellant Harvey, whom she identified as being one of the robbers. She again identified Harvey as one of the robbers when he was placed in a lineup with five other persons of similar characteristics to him. We find no circumstances in the viewing of the pictures or in the lineup

that were unnecessarily suggestive and conducive to mistaken identification. Apart from the pictures and the lineup identification, Mrs. Poole positively identified Harvey as one of the three parties participating in the robbery. A Miss Martin, a witness for the State, came into the store of Mrs. Poole while the robbery was going on and she identified the appellant, Harvey, as one of the participants therein. E. A. Poole, a son of the prosecuting witness, was in the store at the time of the robbery. He identified Harvey from a picture of him and also in the lineup.

Jimmy Lee Leach, one of the defendants who had entered a plea of guilty in this case, testified in behalf of the State. He said that he along with Dewitt Harvey, George Burbage and William Duck went to the store of Mrs. E. A. Poole for the purpose of robbing the store. He said they left the appellant Duck in the car outside of the store and the three of them entered the store. Harvey held a sawed off shot gun on the occupants of the store and he took the $350.00. Following the robbery they placed the Pooles and Miss Martin in a warehouse at the back of the store, and left in the automobile driven by the appellant Duck. Thereafter, they divided the money, each receiving approximately $85.00. The testimony of Leach was in the main confirmed by George Burbage, who had also entered a plea of guilty in this case.

The appellants did not testify but did offer evidence tending to support an alibi.

There is ample evidence here to sustain the conviction of the appellants. If we omit the testimony of Mrs. Poole, her son and Miss Martin, the testimony of the co-defendants is sufficient to sustain the conviction. The trial judge committed no error in refusing the motion of the appellants for a directed verdict of acquittal.

As is heretofore stated, the appellants called Officer Powell as a witness in their behalf and sought to prove by him that he had made certain statements to

relatives of the appellant Harvey. This witness denied that he told these relatives of Harvey that it was useless for them to get an attorney or something to that effect. This witness was then permitted, over the objection of the appellant Harvey, to relate what he did say to these relatives, and included therein was the statement that he was afraid for the Pooles if the defendant Harvey got out of jail. Harvey asserts that it was error to permit this testimony. It is our conclusion that there was no error on the part of the trial judge in allowing the witness to testify as to what he actually told the family of the appellant. The appellant is not in a position to complain of the admission of this testimony because he had opened up the question of what the witness's testimony was with his relatives. *State v. Anderson,* 229 S. C. 403, 93 S. E. (2d) 210. Here, the case of the State against the appellant was a strong one, and we are not unmindful of the rule, usually applied with regard to admission of evidence, that where guilt is conclusively proven by competent evidence and no rational conclusion can be reached other than the defendants are guilty, judgment of conviction should not be set aside because of insubstantial errors not affecting the result. *State v. Robinson,* 238 S. C. 140, 119 S. E. (2d) 671.

All of the exceptions of the appellants are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.