19178

The STATE, Respondent, v. Sidney LEWIS, Appellant

(179 S. E. (2d) 616)

468

*Richard T. Townsend, Esq.,* of Laurens, *for the Appellant,*

*William T. Jones, Esq., Solicitor, for Respondent,*

February 26, 1971.

Moss, Chief Justice:

The appellant, Sidney Lewis, was indicted and charged with the offense of armed robbery and larceny. The case came on for trial at the 1969 June Term of the Court of General Sessions for Laurens County, before The Honorable Francis B. Nicholson, resident judge, and a jury. The appellant was found guilty as charged and was sentenced to imprisonment for a term of twelve years. It is from this conviction and sentence that the appellant prosecutes this appeal.

The appellant was represented at the trial below by retained counsel but is here represented by appointed counsel.

A review of the record discloses that only two of the several questions argued on appeal were actually presented to and passed upon by the court below. This court has, in numerous cases, held that if asserted errors are not presented to the lower court, the questions cannot be raised for the first time on appeal. *State v. White,* 253 S. C. 475, 171 S. E. (2d) 712.

The first question properly before us is whether the trial judge erred in admitting the testimony of one Hogue, a codefendant, who testified on behalf of the State. Hogue, at the time of his testimony had pleaded guilty to the charges in the indictment but had not been sentenced by the court. The appellant argues that Hogue's testimony was inadmissible on the ground that where a codefendant has pleaded guilty, it is necessary in order to render his testimony admissible against another defendant, that he shall have been sentenced. In the case of *State v. Harvey,* 253 S. C. 328, 170 S. E. (2d) 657, this court stated that where a joint defendant has pleaded guilty, it is not necessary, in order to render him competent as a witness against another defendant, that he shall have been sentenced. 23 C. J. S. Criminal Law § 804(3), at page 67. The question here posed is answered adversely to the contention of the appellant.

The next properly raised question is whether the appellant was entitled to a directed verdict of acquittal on the ground that sufficient admissible evidence was not presented to sustain his conviction. The test of the sufficiency of the evidence to take a criminal case to the jury is whether there is any substantial evidence, direct or circumstantial, which reasonably tends to prove the guilt of the accused or from which his guilt may be fairly and logically deduced. The evidence here meets this test.

Stephen Leonard Hogue, a codefendant and an alleged accomplice of the appellant, testified in behalf of the State. He testified that he had not previously known the appellant but met him at a service station in Laurens approximately a month and a half before the day of the robbery, which took

place on March 22, 1969. The witness testified that he lived with the appellant from the time of their meeting at the service station until he was arrested following the robbery. He said that the appellant initially brought up and presented to him the idea of robbing the Trade Credit Corporation, a finance company located in the downtown section of the City of Laurens, South Carolina. This witness testified that the appellant explained to him the layout of the finance company's office and how the robbery thereof could best be carried out. Hogue further testified that he robbed the finance company's office with a pistol furnished by the appellant and that following the robbery he escaped from the scene thereof in the waiting automobile furnished and driven by the appellant. He said that the two of them went back to the appellant's trailer and there hid a portion of the money taken in the robbery.

The appellant testified in his own behalf and denied that he participated in or had any connection with the robbery committed by Hogue.

The State called one Will Thompson as a witness. He testified that on the morning of the robbery he saw a man, later identified by him during the trial, as the appellant, driving a light blue Pontiac which he parked in close proximity to the finance company's office "with the car headed out toward the road". He further testified that he saw a man "come down there running and get in the car with him (referring to the appellant) and they pulled off." This witness pointed out Hogue in the courtroom as the man he saw running and get in the automobile that the appellant was driving.

A Laurens City policeman testified that on March 24, 1969, he, with another officer, found a 1962 Pontiac automobile parked on the shoulder of a road and such was occupied by the appellant and Stephen Leonard Hogue, and such automobile fitted the description of the one seen near the office of the finance company on the morning of the robbery.

We have held that where a motion is made for a directed verdict of not guilty, the testimony must be viewed in the

light most favorable to the State. We conclude that there was competent evidence here to warrant the submission of the case to the jury and to support the verdict it rendered. It follows that the motion for a directed verdict was properly denied.

The appellant contends that it was incumbent upon the trial judge to protect his rights by advising him as to what objections he should make to the admission of evidence and also to advise him of various motions that should have been made in order to preserve his right of appeal to this court. The appellant now contends that the failure of the trial judge so to do was error. The foregoing question was not presented to the lower court and ordinarily such question would not be considered by us. However, since the appellant's claim is that the court's intervention was required by the ineffectiveness of his retained counsel, we proceed to consider it.

An accused is entitled to the effective assistance of counsel. *McCrary v. State,* 249 S. C. 14, 152 S. E. (2d) 235. The quality of the service rendered by counsel meets all requirements of due process when counsel is a member in good standing of the Bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and, his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. He is not required to be infallible nor to do the impossible, since the defendant is entitled to a fair trial and not a perfect one or a perfect result. *Tillman v. State,* 244 S. C. 259, 136 S. E. (2d) 300. Allegations by a convicted accused of inadequate representation by his counsel, after trial, are easily made but will not ordinarily suffice unless counsel's representation was such as to make the trial a farce and mockery of justice. *Crosby v. State,* 24 S. C. 40, 126 S. E. (2d) 843. It has been held that errors of judgment and tactical errors on the part of an attorney do not constitute a denial of effective assistance. *Odom v. United States,* 377 F. (2d) 853.

We have carefully examined the record before us and find nothing therein to support the appellant's contention that he was incompetently represented by counsel at his trial. Such being the case, there was no duty upon the trial judge to advise the appellant or his counsel as to what objections to evidence or motions should have been made during the course of the trial. However, where an accused's representation is patently inadequate and incompetent, the trial judge is under a duty to intervene to the extent of insuring that the rights of the accused are afforded adequate protection. The trial judge's obligation is to make sure that the representation of an accused is not an empty gesture, but is the fulfillment of the spirit and purpose of the constitutional guaranty of effective assistance of counsel; however, such obligation imposes upon the court no duty to intervene merely because it feels that counsel is not experienced or skillful. A strong case of ineffective representation by counsel must appear to warrant the intervention by the trial judge since such intervention itself may invade the accused's constitutional rights. 23 C. J. S. Criminal Law § 982(8), page 971.

We conclude that there is no merit in the questions raised by the appellant, and all of the exceptions posing such are overruled and the judgment below, is

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.