20196

The STATE, Respondent, v. Earl J. MILLER, et al., of whom Earl J. Miller and Sampson Conway are, Appellants.
(223 S. E. (2d) 774)

*Palmer Freeman, Jr.,* of Fort Mill, *for Appellant, Sampson Conway.*

*W. Clarkson McDow, Jr.,* of Rock Hill, *for Appellant, Earl J. Miller.*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., Robert N. Wells, Jr.* and *Perry M. Buckner, Staff Attys.,* of Columbia, and *Mike S. Jolly, Sol.,* of Union, *for Respondent.*

March 30, 1976.

LEWIS, Chief Justice:

Appellants Earl Miller and Sampson (Samson) Conway, with a codefendant Tommy Miller, were convicted for the armed robbery of the Family Dollar Store in Rock Hill, South Carolina and were each sentenced to a prison term of twenty-five (25) years. Only Earl Miller and Conway have appealed. Three questions are stated as the basis for the appeal, to-wit:

(1) Was reversible error committed by the admission of testimony concerning a statement made by the codefendant, Tommy Lee Miller;

(2) Did the trial court commit reversible error in denying appellants' motions for a severance; and

(3) Was it error to permit into evidence a shotgun found in the automobile occupied by appellants at the time of their arrest?

Appellants were indicted and jointly tried with the co-defendant Tommy Miller. Neither the appellants nor their codefendant testified or offered testimony in their behalf. During the trial a detective was permitted to testify, over objection, concerning alleged admissions made by the co-defendant Tommy Miller in which appellants were implicated. The trial judge subsequently instructed the jury that the alleged statement of the codefendant could only be considered against him and not against appellants. Appellants contend that the admission of the out-of-court statement of the codefendant where, as here, the codefendant did not testify, violated their constitutional right to confront and cross-examine the witnesses against them, relying upon the decision in *Bruton v. United States,* 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. (2d) 476.

In *Bruton,* it was held that where a confession by a co-defendant who did not testify, was admitted in evidence at a joint trial, a defendant was denied his constitutional right of confrontation, even though the jury was instructed that the codefendant's confession must be disregarded in determining the defendant's guilt or innocence. This ruling was based upon the "substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extra-judicial statements in determining petitioner's guilt."

Subsequently, however, the United States Supreme Court held, in *Harrington v. California,* 395 U. S. 250, 89 S. Ct. 1726, 23 L. Ed. (2d) 284 and *Schneble v. Florida,* 405 U. S. 427, 92 S. Ct. 1056, 31 L. Ed. (2d) 340, that a violation of the Bruton rule did not automatically require reversal of a conviction. The court, in so holding, recognized that "in some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by compari-

son, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." *Schneble v. Florida, supra,* 405 U. S. at 430, 92 S. Ct. at 1059, 31 L. Ed. (2d) at 344.

In determining whether any admission of the codefendant in this case was sufficiently prejudicial to require reversal, the probable impact of the admissions on the minds of an average jury must be determined and, "unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." *Schneble v. Florida, supra,* 405 U. S. at 432, 92 S. Ct. at 1060, 31 L. Ed. (2d) at 345.

For the purpose of this decision, we assume that the admission of the statement in question constituted a violation of Bruton.

The evidence shows that appellants entered the Family Dollar Store in Rock Hill on January 30, 1975. They were positively identified at trial by the manager of the store and a clerk. These witnesses testified as to the dress of each appellant, one described as wearing a toboggan. The testimony shows that appellants approached the check-out counter with a set or bottle of "Old Spice" cologne which the manager "rang up" on the cash register for a price of $2.32. At that point, appellant Conway pointed a pistol at the manager and demanded all of the money in the cash register. Appellant Miller placed the money, about $147.28, from the register in a Family Dolar Store bag and both Conway and Miller left by the front entrance about noon, carrying the bag with the money and cologne in it.

Appellants were identified by two employees of an adjacent store as the individuals seen by them running from the Family Dollar Store about noon on January 30, 1975, who got into a parked burgundy Chevrolet automobile which carried a North Carolina license. A third party was waiting in the vehicle. The employees of the adjacent store made a written note of the automobile license number and called

the police. A short time later, all of the three codefendants in this case were apprehended. They were in the automobile described by the witnesses as the one seen leaving the Family Dollar Store a few minutes earlier. A search of the automobile, made pursuant to a search warrant, produced the following items:

1. A Browning .380 automatic pistol.

2. A sixteen gauge shotgun.

3. A Family Dollar Store bag containing, among other items, a bottle of "Old Spice" cologne, a light tan coat containing $134.00 in cash, twelve or thirteen dollars in cash on the floorboard of the car, and two toboggans.

The officers testified that a cash slip was found attached to the Family Dollar Store bag, showing the total figure of $2.32 and the date of January 30, 1975.

The positive, uncontradicted identification of appellants and their codefendant as the perpetrators of the crime charged and their apprehension a short time later in the identified getaway car, with the incriminating evidence found therein, so overwhelmingly establishes their guilt as to render any violation of Bruton "harmless beyond a reasonable doubt." We find no basis upon which to conclude that there is a reasonable possibility that the improperly admitted evidence contributed to the conviction of appellants.

Appellants next contend that the trial court erred in refusing their motions for a severance of their cases for trial. This charge of error is now based solely upon the contention that the admission of the statement of the codefendant Tommy Miller resulted in legal prejudice to appellants. Since we have concluded that the admission of that statement was harmless error, no prejudice could have resulted from the refusal of the motion for a severance on that ground.

Finally, error is charged in the admission into evidence of a shotgun found in the automobile in which appellants and the codefendant Miller were riding when they were stopped by the officers shortly after the robbery. Appellants take the position that there was no evidence to connect the shotgun with the crime and that its introduction into evidence was highly prejudicial.

The record shows that, while appellants used a pistol to rob the Family Dollar Store about noon on January 30, 1975, a third man waited in the getaway car. Appellants and the codefendant Miller were apprehended shortly thereafter riding in the car used to leave the scene. The shotgun in question was found in the search of the vehicle. It was inferable that the person who waited in the automobile was the codefendant Miller and that he remained in the car with the shotgun to aid in their escape, if needed.

The fact that the shotgun was not exposed to the victims of the armed robbery did not render it inadmissible where, as here, it was inferable that it was readily accessible and available for immediate use if needed to effect the escape of those who actually entered the store and committed the crime. The shotgun was properly admitted into evidence as part of the arsenal carried to the scene by the perpetrators of the armed robbery.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.