20674

The STATE, Respondent, v. Izell MURPHY, Appellant.

(244 S. E. (2d) 36)

*Asst. Public Defender David I. Bruck,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Brian P. Gibbes* and *Edward B. Latimer* and *Sol. James C. Anders,* Columbia, *for respondent.*

May 2, 1978.

NESS, Justice:

This is an appeal from a conviction for housebreaking. We affirm.

Appellant Murphy and one Scott were jointly indicted for housebreaking after being discovered hiding in a small room in the Fairwold Middle School. Sheriff's deputies alerted to the scene by a silent burglar alarm found an unlocked exterior door, a partially open window, and an interior door with one pane removed. A soft drink machine had been pried open and another vending machine had been tampered with in the teachers' lounge.

Several weeks before Murphy's trial, Scott pled guilty to the housebreaking charge.

At trial, Murphy testified he had gone to a store with Scott and they were returning by way of the schoolyard when Scott entered the school through an unlocked door. Appellant stated Scott had said nothing to him about committing a crime and he had no reason to think Scott intended to do so.

The trial judge allowed Scott's prior guilty plea into evidence as a refutation of appellant's contention that Scott had not indicated an intention to commit a crime. Appellant asserts this was prejudicial error entitling him to a new trial. We disagree.

It is well established in the federal courts that the jury may be informed of a codefendant's guilty plea, provided the proper cautionary instructions are given. *Wood v. United States,* 279 F. (2d) 359, 363 (8th Cir. 1960); *United States v. Aronson,* 319 F. (2d) 48, 52 (2nd Cir. 1963); *United States v. Earley,* 482 F. (2d) 53, 58 (10th Cir. 1973); *Fahning v. United States,* 299 F. (2d) 579, 580 (5th Cir. 1962). The trial judge here properly narrowed the scope of the jury's consideration of Scott's guilty plea in his instructions.

In *Smith v. United States,* 431 F. (2d) 1 (8th Cir. 1970), the appellant asserted his Sixth Amendment right to confrontation was violated where his codefendant admitted at trial he had entered a plea of guilty to the offense. The Court of Appeals examined the case according to the standards established in *Bruton v. United States,* 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. (2d) 476 (1968), and concluded the wealth of evidence against appellant independent of his codefendant's admission eliminated any possible error.

In this case, appellant was found hiding in a restroom at the scene of the crime. Vending machines had been tampered with and burglary tools were found nearby. Appellant's excuse for being in the school at night was that he was taking a shortcut home. There was strong and clear evidence of appellant's culpability apart from the guilty plea of his codefendant.

We conclude it was not error to apprise the jury of the state of the record. See *Richards v. United States,* 193 F. (2d) 554 (10th Cir. 1951), *cert. denied,* 343 U. S. 930, 72 S. Ct. 764, 96 L. Ed. 1340 (1951). Scott's plea of guilty was relevant to the issue of appellant's knowledge of Scott's intentions.

Moreover, it has long been established in this State that when a defendant elects to testify he may be cross-examined as any other witness. *State v. Robertson,* 26 S. C. 117, 1 S. E. 443 (1887); *State v. Kennedy,* 85 S. C. 146, 67 S. E. 152 (1910); *State v. Holmes,* 171 S. C. 8, 171 S. E. 440 (1933). Appellant elected to take the stand in his own behalf. When he asserted his lack of knowledge of his codefendant's motive for entering the school building, it was proper for the solicitor to introduce Scott's guilty plea.[1]

---

[1] Our resolution of this issue, though breaking new ground to some extent, is consistent with prior decisions where we held the testimony of a co-defendant who has pleaded guilty admissible against another defendant. *State v. Harvey,* 253 S. C. 328, 170 S. E. (2d) 657 (1969); *State v. Lewis,* 255 S. C. 466, 179 S. E. (2d) 616 (1971). See also 23 C. J. S. Criminal Law § 804(3), p. 67.

Appellant's remaining exceptions are without merit.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, J., concur.

GREGORY, J., concurs in result.

RHODES, J., dissents.

GREGORY, Justice (concurring in result):

I agree with Mr. Justice Rhodes' dissent that Scott's guilty plea, which was never offered and admitted into evidence or testified to by the appellant, was irrelevant to the issue of appellant's knowledge of Scott's unlawful intent. The lower court committed error by permitting the solicitor, over appellant's objection, to "introduce" Scott's guilty plea by way of argument to the jury. The error was harmless, however, because the other evidence of appellant's guilt is overwhelming. *State v. Miller,* 266 S. C. 409, 223 S. E. (2d) 774 (1976).

Accordingly, I concur in the result reached by the majority and affirm appellant's conviction.

RHODES, Justice (dissenting):

Believing the guilty plea of the appellant's codefendant was improperly before the jury and constituted prejudicial error, I dissent.

Scott's prior guilty plea was irrelevant to any of the issues presented at trial. The majority finds the plea admissible as a refutation of the appellant's testimony that Scott had not expressed to him any intent to commit a crime. However, Scott's plea only indicated that he had pled guilty and nothing more. The appellant did not contend that Scott was not guilty or that Scott did not, in fact, intend to commit a crime, but only that Scott had not communicated his intentions to him, whatever those intentions may have been. Only Scott and the appellant knew what conversations transpired between them. The appellant testified that Scott said nothing

about committing a crime. Only Scott could have testified to refute this assertion. However, he did not and, in lieu of such testimony, his guilty plea cannot be interpreted as evidence that he told the appellant he intended to commit a crime.

In addition to being irrelevant, Scott's plea, by being placed before the jury, denied the appellant his constitutional right to confront and cross-examine the witnesses against him. A reading of *Bruton v. U. S.*, 391 U. S. 123, 88 S. Ct. 1620, 20 L. Ed. (2d) 476 (1968), which is cited by the majority, will, in my judgment, permit no other conclusion.

The appellant's conviction cannot be sustained even under the case *Bruton* overruled (*Delli Paoli v. U. S.*, 352 U. S. 232, 77 S. Ct. 294, 1 L. Ed. (2d) 278 (1957)) for there was no instruction that Scott's plea had to be disregarded in determining the appellant's guilt. Indeed, the jury was expressly informed that it might consider Scott's plea in its deliberations on the issue of intent.

It is true that *Bruton* does not require reversal simply because the jury becomes aware of a codefendant's guilty plea. *Smith v. U. S.*, 431 F. (2d) 1 (8th Cir. 1970). However, this does not warrant the conclusion that a codefendant's guilty plea can be used as evidence against his codefendant, as it was in the present case.

The case cited by the majority to justify the admission of Scott's plea as evidence against the appellant are inapposite. *Wood v. U. S.* 279 F. (2d) 359 (8th Cir. 1960), and *U. S. v. Aronson,* 319 F. (2d) 48 (2d Cir. 1963) not only predated *Bruton* but both involved situations where the trial judge expressly instructed the jury that a codefendant's guilty plea had nothing to do with and was not evidence of the guilt or innocence of the person on trial. In *Smith v. U. S., supra,* the trial judge, likewise, instructed the jury that a codefendant's guilty plea had no bearing on the guilt or innocence of the person standing trial. The issue in that

case was whether there was a substantial risk that the jury could not follow this protective instruction.

From the above, I feel it was error for the jury to be apprised of the guilty plea of Scott without an invalidating instruction from the trial judge.

The error could have been nonprejudicial only if the jury had disregarded the reference to Scott's guilty plea. See *Bruton*, 391 U. S. at 126, 88 S. Ct. at 1622. It would be illogical to conclude that the jury did so for it was expressly instructed that it could consider the plea in its deliberations on the issue of intent. The State conceded before the lower court that had Scott's plea not been allowed into evidence, there would have been "a substantial detrimental effect on the State's case."

The appellant should be granted a new trial. I would reverse.