STATE of Missouri,
Plaintiff-Respondent,

v.

Michael McCARTHY,
Defendant-Appellant.

No. KCD 29306.

Missouri Court of Appeals,
Kansas City District.

June 12, 1978.

Donald L. Cain, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Jeffrey W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant, originally charged with second degree murder, was convicted of manslaughter, and the jury imposed a ten-year sentence.

Defendant asserts three points of error. The first two points question the propriety of the State's eliciting the information that Cornelius Smith, who was separately charged, had pleaded guilty. Since this issue requires reversal, the third point relating to the prosecutor's argument need not be noticed.

The sufficiency of the evidence is not questioned. The defendant and at least two other inmates beat to death an inmate named Barnett in a cell in the Jackson County Jail. The State established its case by inmate witnesses to the beating. After the State rested, the defendant testified in his own behalf. His testimony on direct was that a group of inmates met in his cell, discussed beating the victim, and went as a group to the victim's cell. On direct examination, he had stated that an inmate named Barr had been among those going to the victim's cell and "fighting" the victim. When testifying on cross-examination as to the actual beating, he said he saw only Cornelius Smith and a Harvey Williams actually beating the victim but that Barr "could have been there." Based upon that supposed discrepancy, the prosecutor sought to show that Cornelius Smith had entered a plea to a charge in connection with the death of the victim. The prosecutor indicated to the court that he wanted to show that Smith had pleaded guilty to "impeach" the defendant or, as it was stated to the trial court:

". . . it goes to his credibility, because he is just pushing the whole thing off on Harvey and Cornelius Smith. And he—if he knows that Cornelius has already pled guilty, that makes it easy for him to do."

Defense counsel, when the question was put to the defendant in the presence of the jury, objected on the grounds of an inference of guilt by association and as prejudicing the defendant's right to a separate trial. The objection was coupled with a request to strike and for a mistrial. The court denied this relief, but instructed the jury that the answer "is offered in connection with the credibility of this witness."

The defendant's testimony as to Barr was equivocal. On direct, he said Barr was among those who were "fighting" the victim; on cross-examination, he asserted he saw only Smith and an inmate named. Williams doing anything to the victim. In any event, whatever contradiction existed was before the jury. The inquiry as to the reason for the contradiction, if any, was not relevant to any issue in the case as the prosecutor conceded in the colloquy with the court.

■ It is well settled that the disposition of the case of another person charged with the same crime is not admissible in the trial of a codefendant. In *State v. Johnson*, 456 S.W.2d 1 (Mo.1970), the defendant was convicted of first degree murder and on appeal claimed error in the admission of evidence (a letter) which informed the jury that a confederate had received a life sentence when he was tried for the crime. The evidence was clear that the confederate was an associate of the defendant in the crime for which the defendant was being tried. The court held that this was prejudicial error, saying:

"As stated in *State v. Aubuchon* (Mo. Sup.) 381 S.W.2d 807, 815–816, '[w]e have held that it is error to show in evidence or to tell the jury that a jointly accused defendant has been convicted or has pleaded guilty * * *. So, also, have we held that evidence of the acquittal of one jointly accused is improper * * *

Were this not the law, the value of a defendant's right to a separate trial * * might be considerably dissipated. The theory of our statute abolishing the distinction between principals and accessories * * * is that every defendant who joins in the commission of a crime is liable, *on his own,* as a principal; but he is also entitled to be tried on his own without having his guilt prejudged by what has happened to his co-defendant * * *'." *State v. Johnson,* 456 S.W.2d at 4.

In *State v. Aubuchon, supra,* there was presented evidence (through interrogation of a State's witness) that a co-indictee of defendant was in the penitentiary and the implication was that he had been sent there for his participation in the crime for which defendant was being tried. The introduction of this evidence in *Aubuchon* was held to be error. The evidence had been introduced during the examination of the co-indictee's sister. The court also rejected an argument that it was permissible within the "framework" of the evidence, the State arguing that the defense had shown in evidence the conviction of another brother for an apparently unrelated robbery and that the witness had been living with a man to whom she was not married:

"The argument that this evidence was material because it tended to show that Anna Mae Gore could no longer be seeking leniency for her brother, is too thin to outweigh the prejudicial effect of the evidence." *State v. Aubuchon,* 381 S.W.2d at 816.

■ Other cases supporting the conclusion that the presentation to the jury of information concerning a confederate's conviction of the crime with which defendant is charged is prejudicial error are: *State v. Castino,* 264 S.W.2d 372 (Mo.1954), information of confederate's conviction presented in court's address to venireman; *State v. Mull,* 318 Mo. 647, 300 S.W. 511 (1927), information of confederate's conviction presented through a prosecutor's question; *State v. Stetson,* 222 S.W. 425 (Mo.1920), information of confederate's conviction presented in

volunteered statement by a witness; *State v. Fenton,* 499 S.W.2d 813 (Mo.App.1973), information of confederate's conviction presented in State's opening argument. The basic rationale underlying the holdings that this is prejudicial error is that it is irrelevant and incompetent because it infers that since the confederate was guilty the defendant must therefore be guilty (*State v. Castino, supra*) and violates the defendant's right to be tried on his own. *State v. Johnson, supra; State v. Aubuchon, supra.*

These Missouri cases are in accord with the general rule prevailing throughout the country. *See* Annot., 48 A.L.R.2d 1017 (1956).

■ The State cites three cases to justify the inquiry in the present case as constituting proper impeachment. First, as to *State v. Gordon,* 499 S.W.2d 512 (Mo.1973), the court held it was not error to ask a defense *witness* if the conviction of a brother of the witness caused the witness to have a feeling for or against the complaining witness. This was held on the familiar rule that the interest or bias of a witness toward a party is admissible. There is no contention here, nor does it appear that the question permitted related to the interest or bias of the defendant as a party in the case. If a defendant can be compelled to answer a question as to the plea by another who is charged with participation in the same crime, the rule of *Aubuchon* and *Johnson* is meaningless. Also cited is *State v. Turner,* 272 S.W.2d 266 (Mo.1954), which turns on the failure to timely object and an instruction by the trial court to disregard, neither of which appear in the instant case. To the same effect is the third case cited, *State v. Blevins,* 427 S.W.2d 367 (Mo.1968).

The proof of the plea of guilty by Cornelius Smith could only serve to prejudice the defendant by permitting the jury an improper inference of the guilt of defendant and impinging upon his right to a separate trial. The prosecutor hammered this home in his closing argument by referring to the proof of the Smith plea and the inconsistency of the defendant's testimony.

The cause is reversed and remanded for a new trial.

All concur.