STATE of Missouri, Respondent,

v.

Richard JOHNSON, Appellant.

Richard JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. 53746.

Missouri Court of Appeals,
Eastern District,
Division One.

April 10, 1990.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Defendant, Richard Johnson, was convicted by a jury of tampering in the first degree, RSMo § 569.080 (1986), for which he was sentenced as a persistent offender to seven years imprisonment. On appeal, defendant argues that the trial court erred in overruling his objection and allowing the prosecutor to read into evidence portions of the guilty plea by the codefendant. Defendant also appeals the denial of his Rule 29.15 motion after an evidentiary hearing. We reverse and remand.

On January 22, 1987, police officers Moore and Young were on routine patrol in a marked police vehicle near the intersection of Cora and St. Ferdinand Streets in

the City of St. Louis. Moore, the driver of the police vehicle, noticed the car behind him did not have a front license plate. He slowed to allow the car to pass so he could investigate further. Instead of passing the police vehicle, the car made a sharp turn onto St. Ferdinand. Moore made a U-turn and followed the car. The car slowed down and the driver and a passenger jumped from the car and began running. The car stopped when it struck a snowbank. Officer Young jumped from the police car and pursued the occupants on foot. Moore drove the police car to Garfield and met Officer Young who was standing near 4537 Garfield. Officer Young indicated the two men he had been chasing had entered the house at 4537 Garfield. After additional police officers arrived, they approached the house, knocked on the door, and placed defendant and codefendant Michael Gaines under arrest. Both officers identified defendant as the driver of the car. Officer Young stated he never lost sight of defendant at any time during the chase.

The car was a white, 1980 Oldsmobile Cutlass. An examination of the car revealed that the steering column was broken open, the glove compartment was broken and the trunk lock was broken from the outside. The car belonged to Richard Williams who reported the automobile stolen on January 18, 1987. Williams testified that prior to the theft there was no damage to the steering column, glove compartment or trunk.

Defendant denied driving the stolen car. He testified he had been driving his girlfriend's car on that evening. He further stated that he was with Gaines from 10:30 the evening of January 21, until his arrest at 12:50 the following morning, but in his girlfriend's car, not the stolen car. Defendant stated he and Gaines had been at 4537 Garfield for about five minutes before the police came and arrested them. Defendant's girlfriend testified she allowed defendant to use her car on the night in question, and that she went to jail following defendant's arrest to pick up her keys.

After defendant testified he was with Gaines on the night in question, the prosecutor stated out of the hearing of the jury that he had Gaines' court file showing Gaines had pled guilty to tampering second degree for riding in the white, 1980 Oldsmobile Cutlass owned by Williams on January 22, 1987. The prosecutor sought to use the guilty plea to show that Gaines was in Williams' car that night and thereby impeach defendant's testimony. The defense attorney objected on the grounds the guilty plea was hearsay and improper impeachment, and admission thereof would result in a denial of defendant's right to confront and cross-examine witnesses.

Following defendant's presentation of evidence, the matter of admitting the guilty plea was again argued. Defense counsel objected stating she had no opportunity to confront and cross-examine Gaines, and the statement was improper for impeachment by prior inconsistent statement because Gaines, and not the defendant, had made the statement. The prosecutor said he wanted to use the statement to show Gaines was in the Williams' car when defendant said Gaines was with him in his girlfriend's car. At this point, the trial court ruled the guilty plea statement admissible and the court reconvened.

Prior to the State's presentation of the guilty plea, the court instructed the jury:

THE COURT: Ladies and gentlemen, before Mr. Jamieson puts on evidence which we have agreed he may read, I will tell you that you are to consider this evidence not for the truth of the matter stated therein but only for the purposes of deciding and considering the believability of the defendant's testimony as a witness here.

The guilty plea of the codefendant was then read to the jury.

▪ Defendant contends that the admission of the guilty plea was error because it denied him his right to a separate trial. We note, however, that despite a plethora of objections made by defense counsel to the admission of the guilty plea, none of

the objections went to the denial of a separate trial. None of the objections, therefore, can be said to preserve this issue for appeal. *State v. Lang*, 515 S.W.2d 507, 511 (Mo.1974); *State v. Foulk*, 725 S.W.2d 56, 69 (Mo.App., E.D.1987). Defendant, however, requests that we review his claim for plain error. Rule 29.12(b).

It cannot seriously be disputed that the guilty plea or acquittal of a codefendant is inadmissible in a separate trial of another defendant as substantive evidence of the latter's guilt or innocence. *State v. Lingar*, 726 S.W.2d 728, 735 (Mo. banc 1987); *State v. Jordan*, 627 S.W.2d 290, 293 (Mo. banc 1982). Additionally, in this state it is usually deemed to be reversible error to show in evidence or even tell the jury that a codefendant has pled guilty. *State v. Fenton*, 499 S.W.2d 813, 816 (Mo. App., Springfield Dist.1973). Exceptions to this rule do exist. Such exceptions, however, typically only apply where the codefendant who had pled guilty testifies and the guilty plea is used to support or attack his credibility. *Lingar* at 735; *State v. Borden*, 605 S.W.2d 88, 91 (Mo. banc 1980). In the present case, the codefendant was not called to testify, nor was it ever anticipated that he would be called to testify. The credibility of the codefendant was never at issue. The exception noted above was, therefore, not applicable.

The State would have this court adopt a new exception to the rule and thereby allow the guilty plea of a codefendant into evidence to impeach a testifying *defendant* where a cautionary instruction is given to the jury to only consider the guilty plea for credibility purposes. While we are tempted to do so, we feel constrained by precedent to refuse the State's offer.

In *State v. McCarthy*, 567 S.W.2d 722 (Mo.App., K.C.Dist.1978), the Kansas City District was presented with a set of facts quite similar to our own. In *McCarthy*, the defendant and at least two others were charged with beating to death an inmate at the Jackson County Jail. McCarthy, the defendant, testified on direct examination that an inmate named Barr had gone to the victim's cell with others and fought with the victim. On cross examination, however, McCarthy testified that he only saw inmates Smith and Williams actually beating the victim but that Barr "could have been there." *McCarthy*, 567 S.W.2d at 722. The prosecution then sought to show that Smith had pled guilty for the purposes of impeaching McCarthy's testimony because "it goes to his credibility, because he is just pushing the whole thing off on Harvey [Williams] and Cornelius Smith. And he—if he knows that Cornelius has already pled guilty, that makes it easy for him to do." *Id.* at 722–23. Defense counsel objected but the court allowed the testimony instructing the jury that McCarthy's answer was "offered in connection with the credibility of this witness." *Id.* at 723. McCarthy was subsequently convicted as charged. The Western District held that the admission of the guilty plea, despite the instruction, was prejudicial error in that it "could only serve to prejudice the defendant by permitting the jury an improper inference of guilt of defendant and impinging upon his right to a separate trial." *Id.* at 724.

Likewise, in *State of New Jersey v. Felton*, 131 N.J.Super. 344, 330 A.2d 23 (1974), Felton, the defendant, testified that neither he nor his codefendant Williams were guilty of the robbery with which Felton was charged. Williams did not testify at the trial. On cross-examination, the prosecutor asked Felton "Are you aware that he [Williams] was brought to trial and brought to justice earlier this year in August?" *Id.* at 25. Defense counsel objected and the trial court sustained the objection but offered no curative instruction to the jury. The prosecutor then stressed Williams' indictment in closing argument. The court held that the prosecution's reference to William's being "brought to justice" was error. *Id.* at 26–27. Although the court then recognized that the error may not have been prejudicial had an in-

struction been given, the instruction referred to by the court in the *Felton* case was "a sufficiently explicit instruction to the jury to *ignore* it." *Id.* (emphasis added). An instruction, as presented in the present case, would not, therefore, have sufficed.

In *State v. Stefanelli*, 78 N.J. 418, 396 A.2d 1105 (1979), the New Jersey Supreme Court agreed with the opinion expressed in *Felton* and noted that where a codefendant's plea is admitted and the codefendant does not testify at trial "it is not possible to develop through the testimony of the pleading [co]defendant the facts which underlay the guilty plea, to expose the circumstances under which the guilty plea was given or to attack credibility through cross-examination." *Stefanelli*, 396 A.2d at 1113. These same concerns are present in the case currently before the court. For example, because Gaines was not present to testify at trial, it is impossible for this court to ascertain whether or not the guilty plea of Gaines was an Alford plea.

Neither party has presented this court with a case where the admission of a nontestifying codefendant's guilty plea was not found to be prejudicial error with or without a cautionary instruction being given. Independent research of the court has revealed only one such case. In *State v. Murphy*, 270 S.C. 642, 244 S.E.2d 36 (1978), the Supreme Court of South Carolina held that the use of a nontestifying codefendant's guilty plea for impeachment purposes was permissible and did not constitute error. *Murphy*, 244 S.E.2d at 37. While this court is incapable of agreeing with *Murphy* to the extent it finds no error, it does have some difficulty in finding prejudice where the defendant testifies, the codefendant's guilty plea is used solely for impeachment purposes, is not stressed by the State, in argument or questioning and where the court instructs the jury to consider the codefendant's guilty plea solely for impeachment purposes and not as evidence of the defendant's guilt. Were we writing on a clean slate, this court may be persuaded

to find such a lack of prejudice in the present case. We feel constrained, however, not to do so.

As we are reversing and remanding this case for a new trial, and because the other issues presented in defendant's brief may not recur on retrial, we decline to discuss the other issues presented.

Reversed and remanded.