522 S.E.2d 354

**The STATE, Respondent,**

v.

**Michael MOORE, Appellant.**

**No. 3042.**

Court of Appeals of South Carolina.

Heard June 8, 1999.

Decided Aug. 30, 1999.

Deputy Chief Attorney Joseph L. Savitz, III, of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, of Office of the Attorney General, all of Columbia; and Solicitor W. Barney Giese, of Columbia, for respondent.

PER CURIAM:

Michael Moore appeals from his convictions for possession with intent to distribute crack cocaine, unlawful possession of a pistol, and unlawful carrying of a pistol.[1] Counsel for Moore initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there were no meritorious grounds for appeal and requesting permission to withdraw from further representation. This Court denied the request to withdraw and directed the parties to file additional briefs. After reviewing the record and the briefs prepared by the parties, we affirm.

I.

Acting on a tip, officers with the City of Columbia Police Department stopped a van driven by Moore. The officers told Moore that the van had been stopped because they had information that the van contained guns and drugs. Moore agreed to be searched, as did his passengers, and Moore also consented to a search of the van. Officers found two pistols and crack cocaine inside the van, but found no contraband on Moore. Officers also discovered cocaine on one of the passengers and on the ground near where the other passenger exited the vehicle. Moore and the passengers were arrested.

At trial, Moore sought to introduce evidence of the guilty pleas of the other occupants of the van. Moore's defense to the charges was "mere presence." He contended that, although he was in the van, no drugs or weapons were found on him, and he had nothing to do with the drugs and weapons that were found. Moore therefore argued that the guilty pleas were relevant and tended to establish that the guns and weapons in fact did not belong to him. The trial court refused to allow evidence of the guilty pleas unless the passengers

---

1. The trial court declared a mistrial on a trafficking in crack cocaine charge after the jury failed to reached a verdict on that charge.

were present and could be cross-examined about their pleas. Although one of the passengers was in jail in New York and therefore unavailable for trial, the other co-defendant was apparently brought to the courthouse so he would be available to testify.

## II.

 Relying on *State v. Murphy*, 270 S.C. 642, 244 S.E.2d 36 (1978), Moore argues the trial judge erred in refusing Moore's request to admit evidence of the guilty pleas of the passengers in the van. We disagree.

In *Murphy*, a silent alarm sent police to a middle school, where they found Murphy and Scott hiding in a small room. A soft drink machine in the teacher's lounge had been pried open, and another vending machine had been tampered with. Murphy and Scott were charged with housebreaking. 270 S.C. at 643, 244 S.E.2d at 36. At trial, Murphy argued that he was simply walking home with Scott by way of the school. Murphy claimed that they entered the school through an unlocked door, and that he did not know Scott had any intention of committing a crime when he entered the school. *Id.*

On appeal, the Supreme Court rejected Murphy's contention that evidence of Scott's guilty plea, entered several weeks before Murphy's trial, was improperly admitted. The Court noted that "[i]t is well established in the federal courts that the jury may be informed of a co-defendant's guilty plea, provided the proper cautionary instructions are given." 270 S.C. at 643, 244 S.E.2d at 36. The Court concluded that evidence of Scott's guilty plea was properly admitted because "Scott's plea of guilty was relevant to the issue of appellant's knowledge of Scott's intentions." *Id.* at 644, 244 S.E.2d at 37. Read in isolation, this sentence could support Moore's argument that, under *Murphy*, guilty pleas of co-defendants may be admissible as substantive evidence of the defendant's guilt or innocence.[2]

---

2. Such a rule would be at odds with the general rule that a co-defendant's guilty plea is neither relevant nor admissible as substantive evidence of the defendant's guilt or innocence, but instead is admissible only on the issue of the credibility of a *testifying* co-defendant. *See, e.g.,*

We believe, however, that the *Murphy* court allowed the co-defendant's guilty plea to be admitted only for the purpose of impeaching Murphy's credibility after he took the stand. The majority opinion in *Murphy* stated that when Murphy took the witness stand and "asserted his lack of knowledge of his co-defendant's motive for entering the school building, it was proper for the solicitor to introduce Scott's guilty plea." 270 S.C. at 644, 244 S.E.2d at 37. In our view, this statement makes it clear that the guilty plea was admitted only to impeach Murphy's trial testimony.

Moreover, the *Murphy* court cited with approval several federal cases where a jointly-tried co-defendant pleaded guilty

*United States v. Johnson,* 26 F.3d 669, 677 (7th Cir.) ("It is established that the guilty plea of a co-defendant may not be used as substantive evidence of another defendant's guilt.... [H]owever, testifying co-defendants' guilty pleas may be introduced into evidence for the limited purpose of assessing the witness's credibility."), *cert. denied,* 513 U.S. 940, 115 S.Ct. 344, 130 L.Ed.2d 300 (1994); *United States v. Blevins,* 960 F.2d 1252, 1260 (4th Cir.1992) ("Courts have generally agreed that evidence of a non-testifying co-defendant's guilty plea should not be put before the jury."); *Hunter v. Indiana,* 578 N.E.2d 353, 356 (1991) ("[E]vidence of a conviction or guilty plea of others charged with the same offense as the defendant is not substantive evidence of the defendant's guilt or innocence .... The trial court should receive the ... evidence ... only as it bears on the testifying co-defendant's credibility and should, on request, instruct the jury regarding its limited purpose."); *Missouri v. Johnson,* 787 S.W.2d 872, 874 (Mo.App.1990) ("It cannot seriously be disputed that the guilty plea or acquittal of a codefendant is inadmissible in a separate trial of another defendant as substantive evidence of the latter's guilt or innocence .... Exceptions to this rule do exist. Such exceptions, however, typically only apply where the codefendant who had pled guilty testifies and the guilty plea is used to support or attack his credibility."); *West Virginia v. Mullens,* 179 W.Va. 567, 371 S.E.2d 64, 70 (1988) ("It is well-settled that a guilty plea of an accomplice is inadmissible as evidence of the defendant's guilt. However, if an accomplice testifies, evidence that the accomplice has pleaded guilty is admissible, not as evidence of the defendant's guilt, but as evidence relevant to the credibility of the accomplice's testimony.") (citation omitted); *Stokes v. Alabama,* 462 So.2d 964, 967 (Ala.Crim.App.1985) ("[R]eviewing courts have disapproved of reference to the disposition of a co-defendant's case on the theory that the outcome of another's prosecution is simply irrelevant to the guilt or innocence of the defendant and may not be received as substantive evidence at [the] defendant's trial."); *see also* 23 C.J.S. *Criminal Law* § 996 (1989) ("Although it may be admitted for other proper purposes, a guilty plea of a codefendant may not be admitted as substantive proof of the accused's guilt, complicity, or lack of guilt.").

either just before or during the trial. Those cases held that it was not error to inform the jury of the co-defendant's guilty plea, provided that the jury was properly instructed not to consider the guilty plea as evidence of the guilt of the remaining defendants. *See United States v. Earley,* 482 F.2d 53, 58 (10th Cir.1973) ("It has long been the law in this circuit and in other circuits that the trial court may inform the jury that a codefendant has entered a plea of guilty, provided the jury is clearly instructed that such a plea cannot be considered as evidence of the guilt of the remaining defendant or defendants."); *Fahning v. United States,* 299 F.2d 579, 580 (5th Cir.1962) ("The rule is well settled that the entry of a guilty plea by one defendant in the presence of jurors who are to try other defendants is not error where the jurors are admonished that the plea of guilt should have no effect upon a determination of the guilt or innocence of the others, in the absence of a showing of prejudice."); *Wood v. United States,* 279 F.2d 359, 362–63 (8th Cir.1960) (approving trial court's decision to inform jury of guilty pleas of various co-defendants entered before and during trial, where court repeatedly instructed jury that the guilty pleas could not be considered evidence of the guilt of the remaining defendants or as evidence that the crimes were actually committed). After citing these cases, the *Murphy* court stated that the "trial judge here properly narrowed the scope of the jury's consideration of Scott's guilty plea in his instructions." *Murphy,* 270 S.C. at 644, 244 S.E.2d at 36. Thus, it appears that the trial court in *Murphy* instructed the jury that the co-defendant's guilty plea could not be considered as evidence of Murphy's guilt.[3]

Accordingly, we conclude that *Murphy* stands only for the narrow proposition that a co-defendant's guilty plea may, in some cases, be admissible to impeach the credibility of a testifying defendant.[4] Guilty pleas of co-defendants are not

---

**3.** We note, however, that the dissent in *Murphy* stated that the jury "was expressly instructed that it might consider Scott's plea in its deliberations on the issue of intent." 270 S.C. at 647, 244 S.E.2d at 38 (Rhodes, J., dissenting). Such an instruction does support, to some degree, Moore's contention that the guilty plea in *Murphy* was admitted as substantive evidence of Murphy's guilt.

**4.** Even this narrow interpretation of *Murphy* puts South Carolina somewhat out-of-step with other jurisdictions, which, as discussed in foot-

relevant to or admissible as substantive evidence of a defendant's guilt or innocence. *Cf. State v. Brown,* 306 S.C. 448, 449, 412 S.E.2d 440, 440–41 (Ct.App.1991) (where defendant arranged for sale of crack cocaine to undercover officer and delivered cocaine to officer and took officer's money, guilty plea of person from whom defendant obtained cocaine held to be not relevant to question of defendant's guilt). The trial court, therefore, properly excluded evidence of the passengers' guilty pleas.

Accordingly, for the foregoing reasons, Moore's convictions are hereby

AFFIRMED.

HOWELL, C.J., HUFF and HOWARD, JJ., concur.

note 2, *supra,* generally allow introduction of a co-defendant's guilty plea only for purposes of evaluating the credibility of a testifying co-defendant.