**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Jermaine Wells, Appellant.

Appellate Case No. 2016-000950

———————

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-417
Submitted October 1, 2017 – Filed November 8, 2017

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Susan Ranee Saunders, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

———————

**PER CURIAM:** Christopher Wells appeals his convictions for armed robbery, criminal conspiracy, and possession of a weapon during the commission of a violent crime, arguing the trial court erred by finding Wells opened the door to

testimony that his co-defendant David Walker was serving time for the murder for which Wells stood trial.[1]  We affirm.

We find the trial court erred in admitting testimony about Walker's sentence because Wells did not open the door to that testimony when he questioned Investigator Cheek about whether the victim's status as a drug dealer exposed him to heightened levels of danger.  *See State v. Stroman*, 281 S.C. 508, 513, 316 S.E.2d 395, 399 (1984) ("Where one party introduces evidence as to a particular fact or transaction, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even though [the] latter evidence would be incompetent or irrelevant had it been offered initially." (*quoting State v. Albert*, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981))).  Wells's cross-examination of Investigator Cheek did not explicitly or implicitly question the fact that Walker was the shooter.  On the contrary, the questioning was consistent with Wells's theory of the case that Walker shot the victim over a drug-related dispute.  Thus, evidence that Walker was serving time for murder did not "explain or rebut" Investigator Cheek's testimony.  Further, the testimony about Walker's sentence was not used to refute testimony by Wells.  *See State v. Murphy*, 270 S.C. 642, 643-44, 244 S.E.2d 36, 36-37 (1978) (allowing the admission of co-defendant's guilty plea into evidence in trial for housebreaking to refute defendant's contention that co-defendant never communicated an intent to commit a crime once inside); *State v. Moore*, 337 S.C. 104, 108, 522 S.E.2d 354, 357 (Ct. App. 1999) (finding *Murphy* stood only for "the narrow proposition that a co-defendant's guilty plea may, in some cases, be admissible to impeach the credibility of a testifying defendant").

However, we find the trial court's error was harmless beyond a reasonable doubt.  *See State v. Black*, 400 S.C. 10, 27, 732 S.E.2d 880, 890 (2012) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); *State v. Tapp*, 398 S.C. 376, 389-90, 728 S.E.2d 468, 475 (2012) ("Engaging in [a] harmless error analysis . . . requires [this court] not to question whether the State proved its case beyond a reasonable doubt, but whether beyond a reasonable doubt the trial error did not contribute to the guilty verdict.").  Wells introduced to the jury during opening statements that Walker was the shooter.  Additionally, the trial court instructed the jury members to consider Wells's guilt "separate and apart" from the guilt of Walker.[2]  Accordingly, evidence Walker was serving time for murder did not prejudice Wells.

---

[1]The jury acquitted Wells of the murder charge.
[2]Any argument regarding the sufficiency of the limiting instruction is not preserved because Wells did not object to the instruction.  *See State v. Vanderbilt*, 287 S.C.

**AFFIRMED.**[3]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

597, 598, 340 S.E.2d 543, 544 (1986) ("Issues not properly preserved at trial may not be raised for the first time on appeal.").

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.