For the reasons stated I think the order of Judge Dennis should be affirmed.

---

## 11645

### STATE v. BROCK

#### (126 S. E., 28)

1. WITNESSES—TESTIMONY ON CROSS-EXAMINATION HELD AS TO COLLATERAL MATTER SO THAT DEFENDANT COULD NOT BE IMPEACHED.— In prosecution for aggravated assault committed by shooting of pistol from automobile, defended on ground of self-defense, testimony of defendant, on cross-examination, that he had not testified during prior trial in the Municipal Court; that he had bought pistol about a year and a half ago and had put pistol in the automobile, *held* testimony as to collateral matter, so that defendant could not be impeached by proof that he had in fact so testified.

2. WITNESSES—TRIAL COURT HAS CONSIDERABLE LATITUDE IN DETERMINING WHETHER CROSS-EXAMINATION RELATES TO COLLATERAL MATTER.—Trial Court has considerable latitude in determining whether cross-examination relates to collateral matter, so that witness cannot be impeached.

3. CRIMINAL LAW—ADMISSION OF EVIDENCE TO CONTRADICT TESTIMONY ON CROSS-EXAMINATION AS TO COLLATERAL MATTER HELD PREJUDICIAL ERROR.—Admission of evidence as to statements of witness contradicting his testimony on cross-examination as to collateral matter, in prosecution in which defendant was refused permission to introduce rebutting testimony, *held* prejudicial error.

Before JOHNSON, J., Anderson, September, 1924. Reversed and remanded.

Otto Brock was convicted of assault and battery of a high and aggravated nature, and he appeals.

---

Note: On reinstatement of credibility of witness after evidence of contradicted contradictions, see note in 41 L. R. A. (N. S.), 857.

*Mr. A. H. Dagnall,* for appellant, cites: *Best evidence rule:* 13 S. C., 396; 26 S. C., 203; 83 S. C., 153; 29 S. C., 227; 35 S. C., 549; Underhill's Crim. Evid., 548, Sec. 382. *Cross-examination of witness:* 28 S. C., 29. *Testimony in reply to impeachment or contradiction of a witness:* 48 S. C., 249; 40 Cyc., 2645, 2556, 2753, 2784; Underhill's Crim. Evidence, 545, Sec. 380; 28 R. C. L., 647, Sec. 231; Note 14 L. R. A. (N. S.), 911; 7 Enc. of Evidence 147, Sec. 7.

*Mr. Leon W. Harris, Solicitor,* for the State.

January 5, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The appellant, Otto Brock, white, 19 years of age, was convicted of assault and battery of a high and aggravated nature, and sentenced to serve six months on the chain gang of Anderson County.

The State adduced evidence tending to establish that the defendant had committed the offense charged by shooting a pistol from an automobile. The defendant pleaded self-defense. On cross-examination of the defendant the Solicitor, after notifying the witness that he proposed to contradict him, asked defendant if he had not sworn "down at Honea Path that day" that he "had bought that pistol about a year and a half ago," and that he had "put the pistol in the car that morning too." The defendant denied categorically that he had so sworn at Honea Path. The reference to swearing at Hone Path seems to have been understood by all parties to refer to the occasion of a prior trial of the defendant in the Municipal Court of Honea. Path. In reply the State offered the testimony of a witness, Phillips, to contradict the defendant as to what he had sworn on the trial at Honea Path. The trial Judge admitted this testimony of Phillips over the objection of defendant, based upon the grounds that the record of the Municipal Court was the best evidence of what defendant

had testified therein, and that the proposed contradiction was as to an immaterial and irrelevant matter which the State was not entitled to establish in reply after the defendant had closed his case. Thereupon the defendant moved to reopen his case for the purpose of introducing the testimony of several witnesses to rebut the testimony of Phillips. The trial Court refused that motion. The defendant's appeal questions the correctness of the foregoing rulings.

(1) As to the admissibility in reply of the testimony of the State's witness, Phillips That testimony appears to have been offered, pursuant to notice, solely for the purpose of impeaching the credit of the defendant as a witness by showing that he had made statements out of Court contrary to what he had testified at the trial. The general rule that "the cross-examining party is concluded by the answer which a witness gives to a question concerning a collateral matter, and no contradiction will be allowed even for the purpose of impeaching a witness," has been frequently recognized and applied in this State. *State v. Summer,* 55 S. C., 32, 43; 32 S. E., 771; 74 Am. St. Rep., 707. *State v. Wyse,* 33 S. C., 592, 593; 12 S. E., 556. *State v. Sullivan,* 43 S. C., 205, 210; 21 S. E., 4. *State v. McPhail,* 115 S. C., 333, 341; 105 S. E., 638. The obvious difficulty in the application of this rule is to determine what are such collateral matters, and the nature of that inquiry—involving the relevancy of evidence—is one as to which considerable latitude must of necessity be accorded the trial Court. But we are clearly of the opinion that the contradiction here allowed related to collateral matter within the meaning of the rule, and that the objection to the impeaching testimony on that ground should have been sustained.

A generally approved test to determine whether a question is collateral to the issues joined or not has been thus stated:

"Would the cross-examining party be entitled to prove the fact as a part of, and as tending to establish, his case? If he would be allowed to do so, the matter is not collateral;

but, if he would not be allowed to do so, it is collateral. Collateral matters, in this sense, are such as afford no reasonable inference as to the principal matter in dispute." *Saunders v. City, etc., R. R. Co.,* 99 Tenn., 130; 41 S. W., 1031. *Combs v. Winchester,* 39 N. H., 13; 75 Am. Dec., 203.

See other cases cited, note, 82 Am. St. Rep., 51. The issue the jury were here called upon to try was whether the defendant was guilty of the offense of assault and battery with intent to kill, to which charge he had interposed the plea of self-defense. The record wholly fails to disclose how the facts that the witness had bought the pistol "a year and a half ago," and that "he had put the pistol in the car that morning," bore any such relation to the main issue as would have entitled the State to prove those facts as a part of its case; that is, as evidential facts which, in themselves, reasonably tended to establish the guilt of the accused. We are, therefore, clearly of the opinion that the testimony of Phillips should have been excluded upon the ground indicated. In that view, it is unnecessary to consider the validity of any other objection urged to the admission of the testimony. Since proof of the falsity of a witness' statement as to a collateral matter may tend as strongly to impeach his credibility as if the statement related to a material issue of fact, and since defendant duly moved for, and was refused, permission to introduce rebutting testimony (*State v. Harmon,* 79 S. C., 80; 60 S. E., 230), the admission of the Phillips' testimony must be held for prejudicial error.

(2) As to appellant's second contention, that he should have been permitted to introduce evidence to rebut the impeaching testimony of Phillips, having held that such testimony was erroneously admitted, that point, for the purposes of this appeal, becomes academic. When impeaching testimony of this character is properly introduced in reply, whether the adverse party is entitled as a matter of right to introduce evidence in rebuttal, is, therefore, a question which

it is unnecessary here to decide. See on this point, 40 Cyc., 2753, 2784; note, 41 L. R. A. (N. S.), 911. *State v. Jacobs* 28 S. C., 37; 4 S. E., 799. *State v. Jones,* 29 S. C., 227; 7 S. E., 296. *State v. Dill,* 48 S. C., 249; 26 S. E., 567. *State v. Harmon, supra.*

The judgment of the Circuit Court is reversed, and a new trial ordered.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur.

MR. CHIEF JUSTICE GARY did not participate.