[Crim. No. 1731. Fourth Dist. Nov. 8, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. CARRALL THOMAS FURGERSON, Defendant and Appellant.

388

C. A. Broderick for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clarke Moore, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was charged with the offense of arson, as defined by section 448a of the Penal Code, and of burning insured property with intent to defraud the insurer thereof, i.e., a violation of section 450a of the Penal Code; was tried by a jury; was convicted of both offenses; was placed on probation; moved for a new trial, which was denied; and appeals from the judgment of conviction and the order denying his motion for a new trial. ▪▪▪ Such an order is not appealable and the attempted appeal therefrom should be dismissed. (Pen. Code, § 1237.)

The claimed grounds for reversal are:

1. That the evidence is insufficient to establish that the defendant set the fire in question;

2. That the court erred in admitting evidence that the defendant had collected on other fire insurance claims;

3. That the district attorney was guilty of bad faith and prejudicial misconduct in asking a question of the defendant as to which the latter's objection was sustained.

The defendant was the operator of a food market, and the insured under a policy of fire insurance in the sum of $15,000 covering his equipment, in the sum of $14,000 covering his stock in trade, and in the sum of $1,500 covering business interruption. On May 3, 1961, after closing hours, a fire of incendiary origin broke out within his store, causing substantial damage.

The defendant concedes the incendiary nature of this fire but contends that he was not the person who set the same. This contention is without merit. There was substantial evidence establishing that the defendant closed the store and left for home about 8:15 o'clock on the evening in question; that no one was present therein at the time he left; that all of the doors were either nailed, bolted or locked shut; that, from the nature of the fire and the condition of all available means of entry at the time the firemen arrived, it may be inferred that no one entered or left the store after the defendant departed; that the fire started between 15 and 30 minutes after he had left; that the preparations for setting the fire were extensive and would have taken more time than this period allowed; and that candles were used as wicks to ignite inflammatory material which had been deposited on the floor close to where the fire started and thus provided a delayed ignition. There also was evidence which showed that the defendant had depleted his stock; had been using capital from outside sources to finance the operation of his business; after giving notice of his intention to vacate the premises, had asked for an extension of time in this regard; and his principal existing investment was in his fixtures and equipment, which would have to be moved; all of which indicate that his business was unsuccessful and furnished a motive for setting the fire and collecting upon his insurance. (Generally see *People v. Kessler,* 62 Cal.App.2d 817, 821 [145 P.2d 656].) No appellate purpose would be served in detailing the evidence which establishes the foregoing facts and, for this reason, we refrain from doing so. (*Fomco, Inc.* v. *Joe Maggio, Inc.,* 55 Cal.2d 162, 164 [10 Cal.Rptr. 462, 358 P.2d 918]; *Edwards v. Container Kraft Carton etc. Co.,* 161 Cal.App.2d 752, 756 [327 P.2d 622]; *Pores* v. *Purity Milk Co.,* 135 Cal.App.2d 305, 309 [287 P.2d 169].)

Over objection, the court admitted evidence that in 1955, and again in 1956, the defendant sustained losses resulting from fire, for which he made and recovered upon claims under his insurance policies; that as a result of the 1955 fire

he received $7,700 on account of damage to a dwelling; and following the 1956 fire he received a total of $9,190.93 consisting of a building loss in the sum of $3,486.31, equipment loss in the sum of $2,464.53, stock loss in the sum of $2,752.74, and business interruption loss in the sum of $487.35. He contends that this evidence was inadmissible because there was no proof that the fires in question were incendiary. The losses from those fires were indemnified under policies of insurance issued by the same company which issued the policy of insurance in the instant case. The latter policy had been increased in amount; originally provided for a $5,000 coverage on the equipment, $4,000 on the stock, and $1,500 on business interruption; in May 1960, when the defendant moved to the subject premises, was increased to $10,000 on equipment, and $10,000 on stock in trade; and in August 1960, again was increased to $15,000 on the equipment and $14,000 on the stock in trade.

The ruling of the court in admitting the testimony objected to is supported by the decisions in *People* v. *Miller*, 41 Cal. App.2d 252, 256 [106 P.2d 239], and *People* v. *Bragdon*, 103 Cal.App. 20, 24 [283 P. 881]. The defendant was charged not only with setting fire to a building, i.e., a violation of Penal Code section 448a, but also with setting fire to insured personal property with intent "to injure or defraud the insurer," i.e., a violation of Penal Code section 450a. The evidence which showed the making of and recovery upon prior insurance claims was relevant to the issue of intent as proof of the fact that the reason the defendant set the instant fire was to collect on his insurance and thus injure or defraud his insurance carrier; he had recovered on other insurance claims after sustaining loss by fire and it is reasonable to infer from this fact that in setting the subject fire he intended to create a loss which would enable him to recover under an insurance claim he would make thereafter; that his motive in setting the fire was to recover on his insurance rather than for some other reason, such as to terminate his lease, or to spite his landlord with whom, the evidence showed, he was engaged in a controversy. The evidence objected to also was proof of a mental state respecting the ease of recovery upon an insurance claim, of the defendant's familiarity with the method of recovery, and of an acute consciousness that insurance benefits are a ready source of cash. The fact that the prior fires were not of an incendiary origin did not establish that the evidence in question was irrelevant. (*People* v. *Miller*,

185 Cal.App.2d 59, 79 [8 Cal.Rptr. 91]; *People* v. *Miller,* *supra,* 41 Cal.App.2d 252, 256; *People* v. *Bragdon, supra,* 103 Cal.App. 20, 24.)

 The defendant also objected to a question asked him as to whether he had recovered under a policy of fire insurance in 1959 on account of a fire loss involving his automobile; the objection was sustained; and the jury was admonished to disregard the question. It is claimed that the asking of this question was prejudicial misconduct; that it carried the inference that the defendant had set fire to his automobile; and that the asking thereof was in bad faith. Even assuming that the court, in the exercise of its discretion, was authorized to sustain the subject objection because the fire loss referred to involved an automobile instead of a building and its contents, the asking of the question did not constitute prejudicial misconduct. As heretofore noted, the question related to legitimate issues of intent, motive, and knowledge; there is no showing of bad faith; and it must be presumed that the jury heeded the court's admonition in the premises. (*People* v. *Gould,* 54 Cal.2d 621, 628 [7 Cal.Rptr. 273, 354 P.2d 865]; *People* v. *Reddick,* 176 Cal.App.2d 806, 819 [1 Cal.Rptr. 767]; *People* v. *Darby,* 114 Cal.App.2d 412, 438 [250 P.2d 743].)

The judgment is affirmed and the attempted appeal from the order denying a new trial is dismissed.

Griffin, P. J., and Shepard, J., concurred.