461 P.2d 721

Norman HAWKS, Plaintiff-Respondent,

v.

NORTHWESTERN MUTUAL INSURANCE CO., Defendant-Appellant.

No. 10248.

Supreme Court of Idaho.

Dec. 3, 1969.

Lyons & Hofmeister, Sandpoint, and Smith, Smith & Smith, Spokane, Wash., for appellant.

Nixon & Nixon, Bonners Ferry, and Turner, Stoeve & Layman, Spokane, Wash., for respondent.

SHEPARD, Justice.

This action involves a claim on a fire insurance policy. Plaintiff-respondent claims loss of his residence by fire and the insurance company, defendant-appellant herein, defends on the ground of arson by plaintiff-respondent. At trial defendant-appellant sought to introduce evidence of prior fires and insurance claims thereon by plaintiff-respondent. That tendered evidence was largely excluded and the jury returned a verdict for plaintiff-respondent upon which judgment was entered. From that judgment defendant perfected this appeal. We affirm.

As the result of two fires on December 17 and December 23, 1966, the residence of plaintiff-respondent was almost completely destroyed. Defendant claims that the circumstances surrounding the two fires are mysterious and that the absence of the plaintiff-respondent from Bonners Ferry at the time of the fires and his reasons for being absent are also mysterious, and for the sake of argument we may agree that such is the case. However, all of the evidence indicating the mystery surrounding the cause of the fires and the mysterious absences of the plaintiff-respondent was submitted to the jury and no issue regarding them is submitted on appeal.

There is no dispute but that plaintiff-respondent was covered by a policy of fire insurance upon the residence and furnish-

ings thereof and that proof of loss by reason of the fires was duly filed by plaintiff-respondent. Defendant-appellant defended the action on the basis "that the fire described in plaintiff's complaint was caused by the deliberate act or procurement of the plaintiff or by the hands of his agent with his connivance and at his instance."

The essential point for decision is whether or not the trial court erred in excluding certain evidence tendered by defendant-appellant. It is argued that such excluded evidence tended to establish the defense of arson and that such properly should have been placed before the jury. The evidence disallowed by the court would have shown that in the 14-month period prior to December, 1966, a number of fires had destroyed all of respondent's property, except his car, boat and residence, and that all of said losses occurred under at least suspicious circumstances and that all losses occurred to property which was insured.

A fire occurred on October 15, 1965, and destroyed a garage and forklift tractor belonging to the plaintiff-respondent herein, and for that loss he was paid $3,850 on a fire insurance policy. Two fires in October, 1965 occurred in a cabin owned by plaintiff-respondent and mortgaged to his brother-in-law, upon which an insurance loss of $4,500 was paid to plaintiff-respondent. In July, 1966 a fire destroyed a log jammer and crane located at a remote clearing in a forest and plaintiff-respondent received $7,000 in insurance payments for that loss. Additional evidence was tendered that in the early 1950's, plaintiff-respondent sustained fire losses to a trailer house and a log jammer and collected insurance payments on those.

Much of the cited evidence was introduced and at a later time the trial judge ruled that the evidence was not admissible and ordered it stricken. The jury was instructed that they should disregard such testimony and of the reasons in law for the action of the trial judge.

Appellant argues that the most modern judicial expression concerning rules of evidence regarding prior fires originates in the state of California. He cites therefor People v. Furgerson, 209 Cal.App.2d 387, 25 Cal.Rptr. 818 (1962), which in turn relies on the cases of People v. Miller, 41 Cal.App.2d 252, 106 P.2d 239 (1940); and People v. Bragdon, 103 Cal.App. 20, 283 P. 881 (1929). All of said cases are clearly distinguishable from the case at bar. All of said cases were criminal prosecutions for arson and in all cases the guilt of the defendants in actually setting the fires was proven by either direct or circumstantial evidence. The sole reason for the admission of evidence of previous fires was for the purpose of establishing motive. For example, in the *Bragdon* case the direct testimony of the person who was hired by the defendant to set the fires had been received in evidence and no evidence contradicting his statements was made by defendant.

The question of admissibility of evidence of prior fires in an insurance claim action has been before this Court in Boise Association of Credit Men, Ltd. v. United States Fire Insurance Co., 44 Idaho 249, 256 P. 523 (1927). In that case losses from fire were sought to be recovered pursuant to an insurance policy. The proceeds of the insurance policy had been assigned by the owner of the property to the plaintiff. The insurance company refused to pay, alleging, among other things, that the insured owner had set the fire himself. At trial defendant sought to introduce evidence of prior fires from which the same insured owner had received heavy insurance benefits. The evidence was offered to prove that he had sustained prior fire losses, that when those fires occurred plaintiff had a motive to set them and that the fires were set pursuant to a comprehensive plan, scheme or design. The court there held that before such evidence could be admitted to show a common scheme or design it must be shown that the prior fires were incendiary in nature *and* that

the insured owner was connected with causing them.

The evidence in the case at bar might be construed as indicating that some of the fires, including those for which compensation is sought herein, were "not accidental." Even assuming that such evidence establishes the incendiary nature of the fires, the standard laid down in *Boise Association of Credit Men* is not satisfied. There is no showing of any kind relating or attempting to relate plaintiff-respondent or his agent with the setting of any of the fires.

The trial court was correct in his exclusion of the evidence of prior fires.

As stated in appellant's brief, "All seven assignments of error relate to the issue of whether the trial court erred in excluding from the jury's consideration the plaintiff's remarkable history of previous insured fires." We agree with appellant's analysis and hence discussion of other assignments of error is unnecessary.

The judgment of the trial court is affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, DONALDSON and SPEAR, JJ., concur.