21225

The STATE, Respondent, v. Darrell Leroy FAULKNER, Appellant.

(266 S. E. (2d) 420)

*C. Rauch Wise,* Greenwood, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Russell D. Ghent,* Columbia, and *Sol. William T. Jones,* Greenwood, *for respondent.*

May 12, 1980.

NESS, Justice:

Appellant Darrell Leroy Faulkner was convicted on two charges of distributing marijuana. We affirm.

An undercover police officer, acting through an intermediary, purchased marijuana from a person identified as appellant on July 27 and August 2, 1978. Appellant's defense to both charges was alibi.

Appellant first asserts error in the trial court's refusal to declare a mistrial when, before he had placed his character or reputation in issue, the sheriff testified he was included among a list of people from whom the undercover officer was to attempt to purchase drugs. We disagree.

While the State may not attack a criminal defendant's character unless he has placed it in issue, *State v. Ross,* 272 S. C. 56, 249 S. E. (2d) 159 (1978); *State v. Craig,* 267 S. C. 262, 227 S. E. (2d) 306 (1976), relevant evidence admissible for other purposes need not be excluded merely because it incidentally reflects upon the defendant's reputation. *Hudson v. State,* 237 Ga. 443, 228 S. E. (2d) 834 (1976); *State v. Barnett,* 41 N. C. App. 171, 254 S. E. (2d) 199 (1979); 22A C. J. S. Criminal Law, § 676, p. 707 The testimony supported the identification of appellant as the person from whom the marijuana was purchased by providing the initial link between him and the undercover agent We hold the trial court did not err in admitting it over appellant's objection.

Appellant next asserts error in the trial court's refusal to declare a mistrial when informed three defense witnesses desired to recant their testimony. We disagree.

Appellant presented five witnesses who testified he was visiting friends in Columbia at the time the first sale was alleged to have occurred. After the jury began deliberating, defense counsel informed the trial judge three of the witnesses

wished to recant their testimony. Rather than declaring a mistrial, the court permitted two of the witnesses to testify their trial testimony was in error. He then admonished the jury to consider this testimony only in relation to the first alleged sale.

A motion for a mistrial based upon a witness' recantation of his prior testimony is similar to a motion for a new trial based upon after-discovered evidence. These motions are addressed to the trial court's sound discretion and its judgment will not be disturbed in the absence of an abuse of discretion amounting to an error of law. See *State v. Porter,* 269 S. C. 618, 239 S. E. (2d) 641 (1977); 24 C. J. S. Criminal Law § 1454k, pp. 185-186.

Appellant sought to take advantage of the recanting witnesses' testimony twice, once in support of his alibi defense and again as the basis for a motion for a mistrial. We have held a criminal defendant should not be allowed to profit from his own mistakes. See *State v. Gilbert,* S. C., 258 S. E. (2d) 890 (1979). We hold the trial judge chose the best available corrective procedure and affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.