22501

The STATE, Respondent v. David E. DuBOSE, Appellant.
(341 S. E. (2d) 785)

Supreme Court

*David W. Goldman* and *Kelly J. Golden,* Sumter, *for appellant.*

*Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia; and *Sol. Wade S. Kolb, Jr.,* Sumter, *for respondent.*

Heard Feb. 11, 1986.

Decided March 13, 1986.

*Per Curiam:*

David E. DuBose (DuBose) was convicted of manufacturing marijuana and of trafficking in marijuana under S. C. Code Ann. § 44-53-370 (Cum. Supp. 1984). He was sentenced to 25 years and fined $25,000.

We reverse and remand for a new trial.

## FACTUAL BACKGROUND
On August 8, 1984, M. B. Huggins, while flying as a pilot

for the State Law Enforcement Division (SLED), observed three patches of marijuana growing on a farm in Sumter County. The farm was being operated by DuBose on lands owned by his father.

From August 9 through August 18, the date on which DuBose was arrested, SLED carried out a surveillance operation in the area of the marijuana patches.

On August 18, four SLED agents on stakeout were surprised by the arrival of DuBose in a pickup truck. They narrowly escaped detection by DuBose but were unable to position themselves for direct observation of his critical movements. No agents actually saw DuBose in a marijuana field or patch at any time.

According to one agent, who thought DuBose "was going to walk right over the top of me," DuBose left his truck and walked directly into the woods leading to a marijuana field. This same agent, W.D. Harris, "heard" DuBose moving around in the marijuana field for seven minutes. Harris then stationed himself behind the hood of DuBose's pickup. Upon DuBose's return to the truck, Harris arrested him.

## ISSUES

DuBose's appeal presents numerous exceptions; however, it is necessary that we address only two issues in which reversible errors were committed at trial:

(1) Error in permitting examination of DuBose by the Solicitor concerning certain aerial photographs, followed by improper references to those photographs in jury argument;

(2) Error in admitting the impeachment testimony of a reply witness.

## I. AERIAL PHOTOGRAPHS

The State sought to admit into evidence certain aerial photographs taken of the DuBose farmland during 1981-1983.

DuBose objected to this admission on the ground the photographs were not related to the crime charged: manufacturing and trafficking marijuana *in 1984.* The State argued they would be used only to show DuBose's dominion and control over the farmland.

The trial judge ruled they would be admitted for a limited purpose only:

... I think the only reason the Solicitor is offering them into evidence, and I will instruct the jury, is that it merely shows that these bare spots in this wooded area adjacent to the soybean field did appear at some period of time and changed. There will be no testimony —*I'm not going to allow any testimony that there was any marijuana or anything else growing in those bare spots* ... [Emphasis supplied].

However, at trial the Solicitor, over objection, questioned DuBose in regard to the photographs:

Q. All right, now you can see from the aerial photographs that during the winter months, you can see the ground and in the summer months, you can see some vegetation in there?
A. Yes sir.
Q. All right, so something was growing in those fields in 1981 and 1982 and in 1983?
A. Yes sir, it could have been.

The Solicitor also used the photographs in closing argument to hypothesize that marijuana had been growing in the patches from 1981-1983. He stated:

Why would anyone but a fool go to all that work and then not plant marijuana in there until 1984? ...
The only reason would be is because they were going to grow marijuana in 1981, in 1982, 1983 and 1984.

Both the Solicitor's questioning of DuBose and his jury argument violated the trial judge's limitation as to the use of the photographs.

The State contends, however, that these uses of the photographs were proper. It argues that under *State v. Lyle*, 125 S. C. 406, 118 S. E. 803 (1923) evidence of prior bad acts is admissible to show a common scheme or plan. It reasons that a pattern of growing marijuana in 1981-1983 falls within this exception. We disagree.

In *State v. Wilson*, 274 S. C. 635, 266 S. E. (2d) 426 (1980) we stated:

The *Lyle* court emphasized that evidence of other crimes must be strictly scrutinized before its admission

since 'the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors.' *Lyle* at 125 S. C. 412, 118 S. E. at 807. If there is any doubt as to the connection between the acts, the accused is to be given the benefit of the doubt and the evidence should not be admitted.

274 S. C. at 637-638, 266 S. E. (2d) at 427.

Further, in *State v. Conyers*, 268 S. C. 276, 233 S. E. (2d) 95 (1977) we held that, due to the potential for prejudice from admission of evidence concerning other crimes, proof of the other crimes must be clear and convincing. *See also* 22A C.J.S. *Criminal Law*, § 690 (1961).

Here, there is a total failure of proof that DuBose grew marijuana in the fields shown in the aerial photographs from 1981 to 1983.

■ The trial judge's failure to limit the Solicitor's use of the photographs prejudiced DuBose and constitutes reversible error.

## II. IMPEACHMENT TESTIMONY OF REPLY WITNESS

In cross examination the Solicitor was permitted, over objection, to question DuBose concerning an alleged conversation with one Gary Chandler, a former next-door neighbor. DuBose specifically denied telling Chandler that he had grown marijuana:

Q. And do you recall telling him that you were growing marijuana, but you weren't worried about getting caught because your daddy would protect you?
A. No sir, I don't remember saying any—
Q. You deny making that statement to Gary Chandler?
A. That's right.

After DuBose rested his defense, the State called Chandler as a reply witness. Over objection he testified:

Q. All right, what do you recall?
A. Dave was a next door neighbor and we barbecued a few times. This was in '73-74 year, and we drank rum and socialized a little bit, and sometime or other, I was bragging about my farming back home, and he said something about he was farming and he enjoyed it so much and then one time—
BY THE COURT: A little louder, please—

A. I'm sorry, sir—

BY THE COURT: Hold that microphone a little closer to your mouth.

A. (Witness complies) He said something—he said that he could grow—he was growing marijuana out on his farm and that he would not be caught.

DuBose objected to this line of questioning upon the ground that it inquired into matters collateral to the State's case in chief. We agree.

We held in *State v. Brock*, 130 S. C. 252, 126 S. E. 28 (1924) that whether a matter is collateral to the issues involved is determined by the answer to this question:

> Would the cross-examining party be entitled to prove the fact as a part of, and as tending to establish, his case? If he would be allowed to do so, the matter is not collateral; but, if he would not be allowed to do so, it is collateral. Collateral matters, in this sense, are such as afford no reasonable inference as to the principal matter in dispute.

130 S. C. at 254, 126 S. E. at 29.

Here, by Chandler's own admission, the statement attributed to DuBose was made at least 11 years prior to trial. It alleges the commission of a prior bad act not recognized as an exception in *Lyle*. *See also State v. Byers*, 277 S. C. 176, 284 S. E. (2d) 360 (1981).

Therefore, the State, in its case in chief, could not have presented this evidence against DuBose.

Moreover, where, as here, a witness denies an act involving a matter collateral to the case in chief, the inquiry ends. The inquiring party is not permitted to introduce evidence in contradiction or impeachment. *State v. Hale*, 284 S. C. 348, 326 S. E. (2d) 418, 421 (Ct. App. 1985); *State v. Allen*, 266 S. C. 468, 482, 224 S. E. (2d) 881, 886 (1976).

Finally, in its brief the State contends the Chandler testimony was admissible to impeach DuBose's credibility as to his testimony denying knowledge of "what marijuana was and looked like."

We disagree. DuBose did not so testify specifically, and nothing in the record infers the State's characterization of his testimony.

Clearly, the testimony of Chandler should have, upon ob-

jection, been excluded. Its devastating prejudicial effect requires no comment.

Reversed and remanded.

NESS, C. J., GREGORY, HARWELL and CHANDLER, JJ., and MARION H. KINON, Acting J., concur.

FINNEY, J., not participating