1727

The STATE, Respondent v. Lillie Mae BROWN, Appellant.

(412 S.E. (2d) 440)

Court of Appeals

*Asst. Appellate Defender Robert M. Dudek, S.C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Randolph Murdaugh, III,* Hampton, *for respondent.*

Heard Oct. 14, 1991.

Decided Dec. 2, 1991.

SHAW, Justice:

Appellant Lillie Mae Brown was convicted of distribution of crack cocaine and conspiracy to distribute crack cocaine. She appeals. We reverse and remand for a new trial.

The following evidence was adduced at trial. On July 7, 1989, undercover police officer Wilbur Savage went to Brown's residence with a confidential informant to purchase some drugs. Brown did not have any, but agreed to take the officer to a club where a man by the name of John Foster or Folston (hereinafter Foster) was and would get him some crack cocaine. When they arrived at the club, Brown exited the officer's vehicle, crossed the street and spoke with Foster who was parked in a car. Brown and her teenage son returned to the officer's car. The son handed the officer the drugs and took $100 from him and he and Brown then returned to the other car to give Foster the money. The substance was identified as .50 of a gram of crack cocaine.

At the close of the State's case, the solicitor offered into evidence John Foster's guilty plea to distribution of crack cocaine, the sale occurring July 7, 1989. Brown objected on the basis that the evidence was irrelevant, highly prejudicial and hearsay. The trial judge overruled the objection.

Brown contends the trial judge erred in the admission of this evidence. We agree. Such evidence is irrelevant and highly prejudicial. Evidence is relevant if it tends to establish or make more or less probable some matter in issue upon which it directly or indirectly bears. *State v. Alexander*, 303 S.C. 377, 401 S.E. (2d) 146 (1991). Whether or not Foster *pleaded guilty* to distribution does not tend to establish Brown's guilt. Further, even if Foster's guilty plea were relevant, it should have been excluded since its probative value is substantially outweighed by the danger of unfair prejudice. Unfair prejudice means an undue tendency to suggest decision on an improper basis. *Id.* 401 S.E. (2d) at 149. We find the admission of such evidence to be unduly prejudicial.

Reversed and remanded.

CURETON, J., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.