942 P.2d 574

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Fred T. SMITH, Defendant–Appellant.**

No. 22200.

Court of Appeals of Idaho.

July 16, 1997.

Charles F. Peterson, Jr., Boise, argued for appellant.

Alan G. Lance, Attorney General; Catherine O. Derden, Deputy Attorney General, argued, Boise, for respondent.

PER CURIAM.

Fred T. Smith appeals from the judgment of conviction entered after a jury found him guilty of first degree arson. He also appeals from the district court's order denying him probation following the period of retained jurisdiction imposed as part of his sentence. For the reasons stated below, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

Shortly after midnight, on July 2, 1994, Smith's home and premises located on the Simco Road Exit off Interstate 84 near Mountain Home, Idaho, were completely destroyed by fire. A deputy sheriff who responded to the report of the fire testified that he found Smith at the scene with a hose, watering down the grass and sagebrush. Smith told the deputy that he had left the residence to make a phone call and have coffee, and when he returned the house was aflame. Smith had his pickup truck packed with household goods and furnishings as he was planning to leave the next day to rejoin his wife in Ohio. Some furniture and furnishings remained in the house, which were also destroyed.

The property was insured by Farm Bureau, who conducted an investigation into the blaze once Smith filed a statement of loss with regard to the fire. A deputy from the State Fire Marshall's Office was also called in to investigate on behalf of the arson unit. On August 22, 1994, Smith was charged by complaint with first degree arson, in violation of I.C. § 18–802(4).

The magistrate appointed a public defender to represent Smith, who—despite repeated indications by Smith that he wanted to hire private counsel—remained on the case through the trial in the district court. Smith eventually retained counsel of his choosing for the sentencing hearing and the pursuit of his appeal. The jury found Smith

guilty of arson in the first degree, and he was thereafter sentenced to a term of three to ten years' incarceration. The district court relinquished jurisdiction without conducting a hearing and ordered Smith to serve a modified sentence of one to ten years' incarceration. Smith moved the district court for a hearing on the relinquishment of jurisdiction, which was denied. Smith filed a timely appeal from the judgment of conviction and subsequent order denying his motion for a hearing.

## ANALYSIS

Smith raises three issues on appeal. First, he asserts that the district court erred in failing to appoint new counsel after Smith expressed dissatisfaction with the public defender assigned to his case. He challenges the district court's ruling admitting evidence of a previous fire involving property owned by Smith, which he argues was offered by the state to show his propensity to burn his property in order to claim a fire loss. Lastly, Smith contends that he was denied due process when the district court refused to grant him a hearing to present rebuttal evidence after the district court relinquished jurisdiction and denied him probation.

## A. Failure to Appoint New Counsel Was Not Error.

■ Smith claims that he was denied his sixth amendment right to counsel when the district court failed to appoint new counsel in response to Smith's expressed dissatisfaction with the public defender. He asserts that no inquiry was made by the district court to ascertain the nature of Smith's complaints or the conflict that had arisen between Smith and his appointed counsel. Without the requisite inquiry, claims Smith, the district court cannot be said to have properly exercised its discretion.

During his initial appearance, Smith indicated to the magistrate that he wanted to hire private counsel in lieu of being represented by the public defender's office. The public defender, as a result, filed a motion to withdraw as Smith's counsel, but the motion was denied until such time as substitute counsel filed an appearance with the court.

The public defender continued to represent Smith at the preliminary hearing before the magistrate and in the district court, where his case was set for trial on January 31, 1995. Later, pursuant to a stipulation by counsel, the district court continued the trial to February 28, 1995.

On January 14, 1995, Smith communicated with the trial court by letter stating his reasons for requesting a different attorney. The letter expressed Smith's wishes as follows:

This letter is being submitted as a request for a private defense attorney.

\* \* \* \* \* \*

I have been given to understand that I must, as a land owner, pay for my legal service therefore due to this I feel I should have be (sic) given some consideration as to who is to represent me in this falsely accused felony charge. I respectfully request a hearing to reset the date of my trial and an attorney who is willing to work with me.

A copy of this letter was provided to the public defender, who at once presented another motion to the district court seeking to withdraw as Smith's counsel. A hearing on counsel's motion was held February 2, 1995, at which counsel argued that he should be allowed to withdraw, because "Mr. Smith desires to retain private counsel."

Smith was present at the hearing on counsel's motion to withdraw and did not dispute the assertions made in support of the motion. In consideration of speedy trial limits raised by the prosecuting attorney, the district court denied counsel's motion to withdraw, requiring the public defender to remain as counsel of record until Smith made arrangements for new counsel to represent him at the trial as scheduled.

■ An indigent defendant has a right to court-appointed counsel, including the right to effective assistance of counsel. *State v. Clayton*, 100 Idaho 896, 897, 606 P.2d 1000, 1001 (1980). Absent extraordinary circumstances, the right to counsel does not include the right to appointed counsel of the defendant's choice. *State v. Wozniak*, 94 Idaho

312, 486 P.2d 1025 (1971), *overruled on other grounds, State v. Tucker,* 97 Idaho 4, 539 P.2d 556 (1975); *State v. Clark,* 115 Idaho 1056, 1058, 772 P.2d 263, 265 (Ct.App.1989). A trial judge may, in his discretion, appoint new counsel, on request, for "good cause." *State v. Clayton,* 100 Idaho at 897, 606 P.2d at 1001; *State v. Clark,* 115 Idaho at 1058, 772 P.2d at 265. *See also State v. Ivey,* 123 Idaho 74, 77, n. 1, 844 P.2d 703, 706, n. 1 (1992).

As in *Clayton, supra,* Smith has not claimed that the public defender was ineffective, but he argues that the district court should have conducted a more detailed inquiry into the source of the attorney-client conflict as set forth in Smith's letter to the district court. The district court did not interpret Smith's letter as a motion for substitution of new appointed counsel and, thus, did not engage in a "good cause" analysis. Furthermore, the district court's ruling did not foreclose Smith's opportunity to retain private counsel and to present a substitution of counsel. Having reviewed the explanation given by the public defender at the hearing on the motion to withdraw, and in light of the ambiguity of Smith's letter, we conclude that the district court did not abuse its discretion in denying the motion.

**B. Admission of Previously Undisclosed Fire Was Relevant to Intent Element of Arson Charge.**

■ Smith argues that the district court erred in admitting evidence of a fire that destroyed his home in New Mexico in 1989. At trial, Smith objected when the state sought to admit, during the testimony of the insurance adjuster, the Sworn Statement of Loss (State's exhibit 6), in which Smith failed to disclose the 1989 fire. Smith also objected to testimony of the New Mexico Fire Marshall regarding the investigation of the fire at Smith's home in New Mexico. In support of his objections on each occasion, Smith argued that the evidence was being offered to show his predisposition to burn his home in Mountain Home. Because there was no proof at the arson trial that Smith had set the fire in 1989, Smith maintains on appeal that evidence of the earlier, unrelated fire was inad-

missible under *Hawks v. Northwestern Ins. Co.,* 93 Idaho 381, 382–83, 461 P.2d 721, 722–23 (1969).

The standard of review governing the admissibility of evidence of prior fires, enunciated in *Hawks,* applies when the evidence is offered to prove a common plan, scheme or design. The state in Smith's case offered the evidence for another purpose. The state submitted evidence that Smith had misstated his claims history and concealed his property loss from the 1989 fire in order to show his intent to deceive or harm his insurer in connection with the Mountain Home fire, such intent being an element of the arson offense charged against Smith, I.C. § 18–802(4). The state asserted that this fact was relevant to intent to defraud and consciousness of guilt. Additionally, the evidence tended to corroborate the testimony of Smith's daughter about admissions made by Smith that he might burn the Idaho house like he did the New Mexico house.

In order to admit evidence of other acts, crimes or wrongs, the trial court must initially determine whether the evidence is relevant to a material issue other than propensity. If the evidence is deemed relevant, then the court, must, in the exercise of its discretion, determine whether the probative value of the evidence is substantially outweighed by the danger of causing unfair prejudice to the defendant. I.R.E. 403, 404(b); *State v. Atkinson,* 124 Idaho 816, 864 P.2d 654 (Ct. App.1993), *cert. denied,* 511 U.S. 1076, 114 S.Ct. 1659, 128 L.Ed.2d 376 (1994).

Here, the district court overruled Smith's objection to the insurance adjuster's testimony and introduction of the Sworn Statement of Loss, holding that evidence regarding the 1989 fire which was not disclosed to the insurer was probative of the issue of intent to deceive an insurer. Because the evidence was relevant to an element of the crime of arson, namely, the specific intent to harm an insurer, it was admitted by the district court without error. *See State v. Boehner* 114 Idaho 311, 317, 756 P.2d 1075, 1081 (Ct.App. 1988).

■ Later, in allowing the testimony of the New Mexico Fire Marshall, the district

court found the evidence relevant and stated its reasoning that "the probative value was not far outweighed by the prejudicial effect" of admitting evidence about the circumstances of the 1989 fire. We conclude, therefore, that the district court understood and properly applied the weighing function required of I.R.E. 403 to determine whether the evidence should be excluded. *See State v. Matthews,* 124 Idaho 806, 810, 864 P.2d 644, 648 (Ct.App.1993). We find no reversible error in the admission of evidence of the previously undisclosed fire.

## C. The District Court Did Not Abuse Its Discretion in Denying Smith's "Motion for Hearing."

■ Smith claims that he was denied his due process rights when the district court relinquished jurisdiction based upon a report of the Jurisdictional Review Committee, which Smith was not given an opportunity to rebut. Specifically, he asserts that the district court abused its discretion in denying his motion seeking a hearing to rebut the committee's report.

The district court reviewed the documentation from the Jurisdictional Review Committee, including the notice of review hearing and the recommendation notice, which had been provided to Smith. The district court also considered the letter from the committee making "no recommendation" and determined, without a hearing, not to place Smith on probation. In its order relinquishing jurisdiction, however, the district court modified Smith's ten-year sentence by reducing the fixed term of confinement from three years to one year.

■ A hearing before the trial court is not required as a condition precedent to that court's relinquishing jurisdiction under I.C.

§ 19–2601(4). *State v. Lopez,* 102 Idaho 692, 638 P.2d 889 (1981). Moreover, the information contained in the letter, which Smith now claims he never had a chance to rebut, came from statements made by Smith to the committee, which required no rebuttal. The district court, therefore, appropriately treated Smith's motion for hearing as a request for relief pursuant to I.C.R. 35. Having previously reduced Smith's sentence upon the relinquishment of jurisdiction, the district court acted well within its discretion in denying relief on the motion. We uphold the decision of the district court.

Finally, the due process issue, raised by Smith for the first time on appeal, is not properly before this Court. *State v. Mauro,* 121 Idaho 178, 181, 824 P.2d 109, 112, (1991); *State v. Martin,* 119 Idaho 577, 579, 808 P.2d 1322, 1324 (1991).

## CONCLUSION

Smith failed to show that the district court abused its discretion in denying the motion to withdraw which was filed by appointed counsel. The district court properly admitted evidence concerning the 1989 fire at Smith's New Mexico property to show intent to defraud the insurance company. Finally, the district court did not abuse its discretion in denying relief on Smith's motion for a hearing to rebut evidence from the Jurisdictional Review Committee. Accordingly, we affirm the judgment of conviction and sentence as modified.