THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 David Cortez Carson, Appellant.
 
 
 

Appeal From Spartanburg County
 E. C. Burnett, III, Special Circuit Court
Judge

Unpublished Opinion No. 2012-UP-243   
 Submitted April 2, 2012  Filed April 25,
2012

AFFIRMED

 
 
 
 Appellate Defender Elizabeth A.
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J.
 Zelenka, and Assistant Attorney General J. Anthony Mabry, all of Columbia; and
 Solicitor Barry J. Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: David Cortez Carson appeals his conviction of murder, arguing the
 circuit court erred in failing to declare a mistrial when the State introduced
 improper character evidence.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691,
 693-94 (2003) ("In order for an issue to be preserved for
 appellate review, it must have been raised to and ruled upon by the [circuit
 court].  Issues not raised and ruled upon in the [circuit] court will not be
 considered on appeal."); In re Walter M.,
 386 S.C. 387, 392, 688 S.E.2d 133, 136 (Ct. App. 2009) ("Arguments raised
 for the first time on appeal are not preserved for our review."); State
 v. Moyd, 321 S.C. 256, 263, 468 S.E.2d 7, 11 (Ct. App. 1996) (stating if
 the objecting party accepts the ruling of the circuit court and does not
 contemporaneously object to the sufficiency of the curative instruction or move
 for a mistrial, any error is deemed cured and the issue is not preserved for
 appellate review).[2]
AFFIRMED.
PIEPER, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Even if we were to find the issue preserved, we would
 affirm.  See State v. Faulkner, 274 S.C. 619, 621, 266 S.E.2d
 420, 421 (1980) (noting that although the State may not attack a criminal
 defendant's character unless he or she places it in issue, relevant evidence
 properly admissible for other purposes need not be excluded merely because it
 incidentally reflects on his or her character).