**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Rondell Carter, Appellant.

Appellate Case No. 2011-195627

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2013-UP-157
Submitted March 1, 2013 – Filed April 17, 2013

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor J. Gregory Hembree, of Georgetown, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Wilson*, 389 S.C. 579, 584-85, 698 S.E.2d 862, 864-65 (Ct. App. 2010) (holding a defendant adequately preserved the issue of mistrial for appellate review when he objected and moved for a mistrial, declined a curative instruction, and the trial court denied his motion for a mistrial); *State v. Cooper*, 334 S.C. 540, 551, 514 S.E.2d 584, 590 (1999) ("The granting or refusing of a motion for a mistrial lies within the sound discretion of the trial court and its ruling will not be disturbed on appeal unless an abuse of discretion amounting to an error of law occurs."); *State v. Stanley*, 365 S.C. 24, 34, 615 S.E.2d 455, 460 (Ct. App. 2005) (noting a trial court should grant a mistrial only when "absolutely necessary," and a defendant must show both error and resulting prejudice to be granted a mistrial); *State v. McEachern*, 399 S.C. 125, 137, 731 S.E.2d 604, 610 (Ct. App. 2012) ("When a party introduces evidence about a particular matter, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even if the latter evidence would have been incompetent or irrelevant had it been offered initially."); *State v. Faulkner*, 274 S.C. 619, 621, 266 S.E.2d 420, 421 (1980) ("While the State may not attack a criminal defendant's character unless he has placed it in issue, relevant evidence admissible for other purposes need not be excluded merely because it incidentally reflects upon the defendant's reputation." (internal citations omitted)).[1]

**AFFIRMED.**[2]

**SHORT, PIEPER, and GEATHERS, JJ., concur.**

---

[1] We find that even if the trial court erred in denying the motion for a mistrial, the error was harmless. *See State v. Brown*, 344 S.C. 70, 75, 543 S.E.2d 552, 555 (2001) (stating the erroneous admission of character evidence is harmless beyond a reasonable doubt if it has a minimal impact in the context of the entire record).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.