**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Romeo Brown, Appellant.

Appellate Case No. 2012-212217

———————————

Appeal From Orangeburg County
Diane Schafer Goodstein, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-040
Heard December 10, 2014 – Filed January 21, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Senior Assistant Attorney General Melody Jane Brown, all of Columbia; and Solicitor David Michael Pascoe, Jr., of Orangeburg, all for Respondent.

———————————

**PER CURIAM:**  In connection with the shooting death of Alexander Travis Harrison, the State indicted Romeo Brown with murder and possession of a firearm by a person convicted of a violent crime.  During a pretrial hearing, the trial court excluded evidence of a prior altercation between Brown and Harrison under Rule 404(b), SCRE.  During cross-examination, however, Brown denied knowing Harrison.  Over Brown's objection, the trial court allowed the State to cross-examine him about the prior incident because he "opened the door" by his denial.  Subsequently, in its reply case, the State called a witness to testify regarding the prior altercation.  The court admitted the reply testimony for impeachment purposes.

Brown first argues the trial court erred by refusing to let him explain his testimony—that he did not know Harrison—before allowing the State to cross-examine him about the prior incident.  Before the court admitted this evidence, however, Brown had already provided an explanation regarding his definition of "know" when the State inquired into whether he knew the eyewitnesses who testified against him at trial.  Furthermore, at this point in his testimony, Brown had denied knowing Harrison three times.  We find the court acted within its discretion in allowing the State to continue questioning Brown.  *See State v. Ham*, 259 S.C. 118, 135, 191 S.E.2d 13, 20 (1972) (stating the trial court "has broad discretion in determining the general range and extent of cross examination").

Brown next asserts the trial court should have limited the State's questions to whether Brown "knew" Harrison, without reference to the prior incident.  We find the trial court acted within its discretion.  *See State v. McEachern*, 399 S.C. 125, 137, 731 S.E.2d 604, 610 (Ct. App. 2012) (stating the scope of cross-examination is within the discretion of the trial court).  Once Brown denied knowing Harrison, repeatedly, he opened the door for the State to contradict that testimony by inquiring into the extent of his relationship with Harrison.  *See State v. Page*, 378 S.C. 476, 482, 663 S.E.2d 357, 360 (Ct. App. 2008) ("It is firmly established that otherwise inadmissible evidence may be properly admitted when [the defendant] opens the door to that evidence."); *see also State v. Taylor*, 333 S.C. 159, 175, 508 S.E.2d 870, 878 (1998) ("[B]ecause appellant 'opened the door' about his relationship with his wife, the solicitor was entitled to cross-examine him about the relationship, even if the responses brought out appellant's prior criminal domestic violence conviction.").

Additionally, whether Brown knew Harrison was relevant to the substantive issues at trial.  *See* Rule 402, SCRE ("All relevant evidence is admissible, except as otherwise provided by . . . these rules . . . ."); Rule 401, SCRE (stating evidence is

relevant when it "ha[s] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). When Brown denied knowing Harrison, he created a false impression that they had no prior relationship, which the State was entitled to rebut for the purpose of proving facts material to the issues in the case. *See* Rule 611(b), SCRE ("A witness may be cross-examined on any matter relevant to any issue in the case . . . ."); *State v. Sweat*, 362 S.C. 117, 127, 606 S.E.2d 508, 513 (Ct. App. 2004) ("Evidence is admissible if 'logically relevant' to establish a material fact or element of the crime."). This is especially true considering the State's burden to prove malice. *See* S.C. Code Ann. § 16-3-10 (2003) (defining "murder" as "the killing of any person with *malice* aforethought, either express or implied" (emphasis added)); *State v. Jackson*, 364 S.C. 329, 334, 613 S.E.2d 374, 376 (2005) (providing the State "has the right to prove every element of the crime charged").

Brown argues that because the trial court previously excluded evidence of the prior altercation pursuant to Rule 404(b), it was improper to allow the State to use this evidence to show Brown knew Harrison. The purpose for which the State offered the evidence during trial was not "to show action in conformity" with a prior bad act. Rule 404(b), SCRE. Instead, after Brown's denial, the evidence was offered to rebut this testimony, as well as to establish facts that became more relevant to the State's burden to prove Brown guilty. *See State v. Faulkner*, 274 S.C. 619, 621, 266 S.E.2d 420, 421 (1980) (stating relevant evidence on a material issue "need not be excluded merely because it incidentally reflects upon the defendant's [character]"). Moreover, under these facts, the State was under no obligation to present different evidence to prove Brown knew Harrison. *See Sweat*, 362 S.C. at 127, 606 S.E.2d at 513 (stating evidence, which "establish[es] a material fact or element of the crime," "need not be 'necessary' to the State's case" to be admissible).

While our courts have held the "general details" of a past altercation between the victim and defendant are inadmissible, *Taylor*, 333 S.C. at 168, 508 S.E.2d at 874, Brown did not object to the allegedly improper questions during cross-examination nor argue that the details of the altercation should be excluded. *See State v. Smith*, 200 S.C. 188, 199-200, 20 S.E.2d 726, 732 (1942) (affirming admission of testimony regarding a prior altercation based, in part, on defendant's failure to object to the questions or "raise[] the point that the details were involved").

Finally, Brown argues the trial court erred in allowing reply testimony about the prior incident because that evidence was collateral to the issues at trial. *See State*

*v. Beckham*, 334 S.C. 302, 321, 513 S.E.2d 606, 615 (1999) ("When a witness denies an act involving a matter collateral to the case in chief, the inquiring party is not permitted to introduce contradictory evidence to impeach the witness."); *State v. DuBose*, 288 S.C. 226, 231, 341 S.E.2d 785, 788 (1986) (stating collateral matters are those that "afford no reasonable inference as to the principal matter in dispute" (citation omitted)). We find the trial court acted within its discretion in admitting the reply testimony because it was not collateral. *See State v. Todd*, 290 S.C. 212, 214, 349 S.E.2d 339, 340 (1986) (stating the "admission of reply testimony is within the sound discretion of the trial judge"). As we previously found, evidence of the altercation concerned a matter directly relevant to the ultimate issue at trial—whether Brown killed Harrison—and the testimony established the extent of Brown's relationship with Harrison. *Cf. State v. Williams*, 409 S.C. 455, 469, 761 S.E.2d 770, 778 (Ct. App. 2014) (finding reply testimony inadmissible because it "was not directly relevant to the ultimate issue in the trial—[defendant]'s guilt or innocence").

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**